MATHEWS, Justice.
We have for consideration a petition for writ of certiorari in a workmen’s compensation case.
Herbert Hoberman was an employee of Cushman Baking Company and while driving a truck in the scope of his employment was killed due to the claimed negligence of a third person. He left surviving him a young widow and a posthumous child, which was born a few months after his death. The insurance carrier paid the benefits totaling $1,413.97 to the widow- and child, while the widow prosecuted a claim against a third person and recovered $75,-000 from such third person because of the wrongful death of her husband.
Workmen’s compensation is not payable because of negligence of the employer but is payable under the terms of the statute.
The insurance carrier and employer had full knowledge of the suit being prosecuted against the third person but no steps were taken by the insurance carrier or the employer as provided for by Section 440.39(3), F.S., F.S.A. There was no notice of any kind given and there was no notice recorded to “constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid under the provisions of this law, based upon such equitable distribution of the amount recovered as the court may determine”.
*70 Even after recovery there was no application by the carrier or the employer and no notice by either of them of any application for the trial Judge to make a distribution. A notice was given by the widow that she would apply for such order of distribution and notice was given of the time and place for a hearing. The only motion before the trial Judge was that of the widow and'was as follows:
“Comes now the plaintiff, by and through her undersigned attorneys of record,, and respectfully moves the Court to determine the prorata share of the recovery in this cause that should be paid to the Compensation Carrier.”
Pursuant to notice and the motion the trial Judge made the following order:
“Ordered and adjudged that the plaintiff shall pay to Employers Insurance Company of Alabama, the Compensation carrier, the sum of Four Thousand ($4,000.00) Dollars as its pro rate share of the amount recovered, Which this Court determines to be equitable distribution to which the compensation carrier is entitled for its past and • future compensation payments.
“Upon the payment of this sum by the plaintiff, any lien rights which the compensation carrier or employer may have upon the proceeds of the judgment shall be terminated.”
No appeal was taken by either party from the 'order made by the Circuit Judge except the complaints and interpretations with reference to said order made before the Deputy Commissioner and later before the Full Commission. The Circuit Judge is vested with the sole jurisdiction of making such an order and there is no appeal provided for to the Deputy ’Commissioner or to the Full Commission. So far as this record is concerned, the order made by the Circuit Judge is not now subject to review by appeal or otherwise, because of the lapse of time;
After recovery and after the making of the above order, the insurance carrier stopped all payments and the widow filed her claim for compensation under the Workmen’s Compensation Law.
There appears to be no contention that the widow was entitled to full compensation for the death of her husband under Section 440.16, F.S., F.S.A., unless the same was modified by Section 440.39. The insurance carrier resisted the claim of the widow on the ground that compensation under the terms of Section 440.16, F.S., F. S.A., ceased when the widow recovered from the third party and the Court made its order of distribution.
There seemed to have been no question about future payments due to Laura Hober-man, as mother or natural guardian of Herbert Hoberman, Jr., the minor child. The Deputy 'Commissioner made the award for the minor child and this is not questioned in this proceeding. The Deputy Commissioner further ordered, “The claim of Laura Hoberman for continued compensation as the surviving widow of Herbert Hoberman, Deceased, be and the same hereby is denied.” The insurance carrier made application for review of the order of the Deputy Commissioner. After reciting the facts in connection with the case, the Full Commission made an order which contained the following:
“The order of the Commission that the portion of the Order of the Deputy Commissioner denying the widow the right to future compensation payments be and the same hereby is reversed and the above named employer, by and through its carrier, is ordered to continue payments of compensation to the widow of Herbert Hoberman, deceased, in accordance with the terms of the Florida Workmen’s Compensation Law. It is further
“Ordered that the balance of the Order of the Deputy Commissioner, other than as noted in the preceding paragraph, be and the same hereby is affirmed.”
*71 There was filed herein a petition for writ of certiorari to review the order of the Full Commission.
In the case of Brinson v. Southeastern Utilities Service Co., Fla., 72 So.2d 37, 38, this Court had occasion to review a case involving this same statute. In that case we said:
“In this case none of the conditions just recited obtained and our decision hinges on the construction and applica-cation of the quotation we have italicized, for despite the acceptance of benefits and consequent subrogation, the carrier never sued and the question therefore arises whether the employee is entitled to compensation under the act, as if no judgment had been secured by him. The respondents make no contention that petitioner should return compensation received by him before the judgment awarded him was paid, but they insist that their responsibility to pay more then ceased.
“From our study of the authorities, we are convinced that according to the sounder view no subrogation was available in the absence of statute. See Metropolitan Casualty Ins. Co. of New York v. Sloss-Sheffield Steel & Iron Co., 241 Ala. 545, 3 So.2d 306. Because of our pronouncement in Fidelity & Cas. Co. of New York v. Bedingfield, infra, we see no need to analyze the decisions from other states. In that case we said: ‘In the absence of a law or a contract specifically providing for it, insurance companies do not have the right of subrogation against the party causing such injury. In this case without the Statute, the compensation insurer would have no right of subrogation.’ True, the court there decided a case arising after the amendment of 1951 to Section 440.39, supra, but the principle is the same and would be equally appropriate here.”
The right of the widow to receive compensation under Section 440.16, F.S., F.S.A., was not destroyed because the death of her husband was due to the negligence of the third party while the husband was driving a truck in the scope of his employment and because she recovered from such third party as authorized by Section 440.39(3) F.S., F.S.A. She was entitled to the benefits provided for by Section 440. 16, F.S., F.S.A., whether she recovered from the third party or not and the carrier was entitled to limited subrogation provided for by the statute and under the terms and conditions set forth in the statute. Without the statute the insurance carrier would be entitled to no subrogation rights. Fidelity & Cas. Co. of New York v. Bedingfield, Fla., 60 So.2d 489.
The petition for writ of certiorari be and the same is hereby denied.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.