CARROLL, CHAS., Judge.
M. C. Porch lost his life as a result of an accident arising out of and in the course of his employment and for which workmen’s compensation payments were awarded. His widow filed an action against the third party tort feasor whose negligence allegedly caused Porch’s death. Recovery was had by way of a settlement in the case. No judgment for the settlement amount was entered. The insurance carrier’s motion in the suit for pro rata distribution under § 440.39(3), Fla.Stat., F.S.A., was denied, on April 8, 1959, and that action of the court is the subject of the appeal.
The subrogation contended for by the carrier is statutory. The right must be found in the statute, which is § 440.39, Fla. Stat., F.S.A. See Fidelity & Cas. Co. of New York v. Bedingfield, Fla.1952, 60 So.2d 489, 495; Brinson v. Southeastern Utilities Service Co., Fla.1954, 72 So.2d 37, 38; Cushman Baking Co. v. Hoberman, Fla.1954, 74 So.2d 69, 71.
The determinative question on this appeal is whether § 440.39(3) limits subrogation of the carrier to instances where the tort action filed by the injured employee or his dependents against the third party tort feasor proceeds through trial to a judgment, or whether such subrogation is available when the recovery in the suit is not by judgment but by settlement made after suit has been filed. The question involved here is not one of lasting significance because the statute was amended in 1959, by Chapter 59-431, § 1, effective July 1, 1959, which added a provision removing any uncertainty in that respect in the statute as *828 originally worded and expressly made provision for such subrogation in the event of settlements effected before or after the filing of such suits.
Aside from that amendment, we are of the opinion that when § 440.39 is read as a whole, and its objects and purposes are considered and given effect, it must be construed to have contemplated and provided for subrogation in suits brought by the injured party or his dependents against a third party tort feasor, when the suit results in recovery by settlement, as well as where recovery in such suits is by judgment. It was so held in the case of United States Casualty Co. v. Hume, Fla.App.1959, 112 So.2d 49, by the court of appeal in the second district. A difference between that case and the instant case, but one which we do not consider material, was that when the settlement in the Hume case was made the parties presented it to the court and obtained an approving judgment thereon. However, the result was the same. The judgment was not one for an amount awarded on a trial of the merits, but it was an amount arrived at by settlement of the case. The same result was reached by the Supreme Court in the case of Insurance Co. of Texas v. Rainey, Fla. 1956, 86 So.2d 447, 448, in which an action brought by the injured employee against-the third party tort feasor was settled for $7,500, and, as stated in the opinion in that case, the carrier was “brought into the case for the purpose of determining its ‘pro rata share’ of the recovery pursuant to F.S. § 440.39(3), F.S.A., which' provides for a lien in favor of the employer or compensation carrier for such share ‘based upon such equitable distribution of the amount recovered as the court may determine.’ ” In the Rainey case the carrier, seeking to recover its outlay in full, challenged the validity of the act under which it was required to accept only an equitable distribution. In affirming, the Supreme Court necessarily regarded the carrier as being entitled to subrogation, within the limits of amount as prescribed by the statute, out of the recovery which resulted from settlement of the injured party’s suit against the third party tort feasor.
On the authority of those decisions the-correctness of the appellant’s position is-established, and the order appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
HORTON, C. J., and PEARSON, J., concur.