123 So.2d 562 (1960)
Jimmy S. DICKERSON, Appellant,
v.
ORANGE STATE OIL COMPANY, a corporation, Appellee.
No. 1810.
District Court of Appeal of Florida. Second District.
October 5, 1960.
*563 O.B. McEwan; Sanders, McEwan, Schwarz & Mims, Orlando, for appellant.
Raymer F. Maguire, Jr.; Maguire, Voorhis & Wells, Orlando, for appellee
ALLEN, Chief Judge.
The appellant, as the plaintiff in the lower court, filed a complaint on November 12, 1958, alleging that while acting and working within the scope of his employment with the Florida Department of Agriculture, he was injured as a result of defendant's negligence while performing certain work on premises owned by the defendant. The defendant answered setting up certain affirmative defenses among which were that the plaintiff's cause of action was barred by a general release executed by the plaintiff on October 28, 1955; and that plaintiff's cause of action was also barred by the statute of limitations. The defendant's motion for summary judgment was granted on the basis of the above two defenses as established by the complaint, the answer, and certain admissions by the plaintiff
The plaintiff was employed by the Florida Department of Agriculture on May 23, 1955, and on that date, while acting within *564 the course of his employment, he was injured on premises owned by the defendant. On October 28, 1955, the plaintiff, in return for the payment of $1,400, executed to the defendant a general release of any and all claims which he had arising out of the accident on May 23, 1955. The present action was instituted on November 12, 1955, by the United States Fidelity and Guaranty Company pursuant to section 440.39, Florida Statutes, F.S.A. This insurance company was the carrier for the Florida Department of Agriculture and as such was subrogated to the rights of plaintiff Dickerson under section 440.39, Florida Statutes, F.S.A. The facts are undisputed and only questions of law are presented for our determination.
The contention of the defendant in the lower court, and one of the grounds upon which the trial judge based his decision, was that section 440.39, Florida Statutes, F.S.A., creates a new cause of action in the subrogated workmen's compensation insurance carrier thus constituting a cause of action created by statute and subject to a three year statute of limitation as provided by section 95.11(5) (a). The plaintiff contended in the lower court and similarly contends before this court that section 440.39 does not create a new cause of action but merely subrogates a party who pays workmen's compensation benefits to the rights of the injured employee, and in effect the subrogated party steps into the shoes of the injured employee for the purpose of prosecuting an action against the third party tort-feasor.
This court was confronted with a related issue in United States Casualty Company for Use and Benefit of Cheston v. Town of Palm Beach, Fla.App. 1960, 119 So.2d 800, 802, which involved an action by a subrogated insurance carrier against the city as a third party tort-feasor. Claimant was injured while acting within the scope of his employment and had received compensation benefits from his employer's insurance carrier. After the claimant failed to take any action against the city within one year from the date of his injury, the insurance carrier gave the city a thirty day notice and subsequently filed an action for damages. The lower court, in entering summary judgment for the defendant, ruled that the action was barred by section 95.24, F.S.A., which provides that no action shall be brought against any city or village for any negligent or wrongful injury or damage to person or property, unless brought within twelve months from the time of the injury.
In an opinion affirming the lower court, this court held that the claimant's cause of action accrued at the time of the accident or misfortune which caused his injury, and in regard to the subrogated insurance carrier's rights, we stated:
"The rights of plaintiff carrier under the workmen's compensation law are wholly the creature of the statute and are based upon the cause of action which the claimant had against the defendant city and subject to the limited subrogation rights under the terms and conditions set forth in section 440.39, Florida Statutes, F.S.A., Cushman Baking Co. v. Hoberman, Fla. 1954, 74 So.2d 69. Thus the failure of the claimant to institute an action against the negligent third party within one year operates as an assignment to the carrier of the cause of action in tort. Consequently, the carrier's suit can necessarily only be upon the cause of action in tort which the claimant could have instituted. The carrier acquires only such rights as were at the time vested in the claimant. See Annotation 41 A.L.R.2d 1044.
"Claimant's cause of action against the defendant city being one for recovery of damages for personal injuries and, therefore, subject to the one year limitation on such actions, the cause of action is not changed by the fact that the carrier is the plaintiff. The action remains as one for personal injuries to the claimant and, therefore, *565 subject to the same statute of limitations. Thus we conclude that the claimant's rights, having been barred by section 95.24, the carrier's rights, derived by operation of section 440.39 (4), are likewise barred by section 95.24. Although there apparently is no Florida decision on this point, our holding is in accord with the majority view as set forth in Annotation 41 A.L.R.2d 1044."
The annotation in 41 A.L.R.2d 1044, referred to in the above quote is entitled "Statute of limitations applicable to action, by way of subrogation or the like, by employer or insurance carrier against third person for injury to employee," and at page 1045 the writer of the text states:
"The weight of authority favors the rule that the statute of limitations applicable in actions for damages for personal injury, or for death, as the case may be, governs in actions by an employer or his insurance carrier who is subject to payment of compensation, against a third person for injury to, or death of, an employee, the theory usually accepted being that the employer is subrogated to the right of the employee to recover for the injury, or of the employee's representative to recover for his death.
* * * * * *
"The underlying reason for the majority rule appears to be that the cause of action is not changed by the fact that the employer or insurer is the plaintiff, the action still being one for the recovery of damages for personal injuries to or death of the employee, and therefore subject to the statute of limitations applicable to such an action.
"Generally, the courts have adhered to this rule notwithstanding the contention that it would work a hardship in that it would defeat a recovery for an employer or his insurance carrier against the third party liable for the injury or death, because he could not maintain an action against a third person until his liability for compensation had been determined, which might be after the employee's right of action or that of his representative against a third person had become barred."
Although no Florida cases are included in the annotation cases from twenty jurisdictions are cited in support of the above view. A case somewhat analogous to the instant case, and cited in the above annotation is Exchange Mut. Indemnity Ins. Co. v. Central Hudson Gas & Electric Co., 243 N.Y. 75, 152 N.E. 470, 471, wherein the court stated in regard to whether the subrogated insurance carrier's cause of action is a distinct and separate cause of action from that which could be asserted by the employee:
"Neither assignment nor subrogation confers upon a new party rights greater than those which the original party possessed."
The question with which we are concerned is discussed in Larson, The Law of Workmen's Compensation, sec. 75.10, wherein the author states:
"The question of what defenses are available to the third party turns most frequently on the underlying theoretical issue of the extent to which the subrogee's action is deemed to be derivative from and identified with the employee's cause of action. As to this issue, the first investigation must always be the exact language of the subrogation statute in the particular jurisdiction, since this will sometimes settle the issue by the choice of words used to describe the subrogation process. For example, if the statute `assigns' the employee's cause of action to the employer, as the New York statute does, it seems beyond dispute that the cause of action remains the same. But at the other extreme, if the statute, like the Wisconsin statute, merely says that the employer shall have the `right *566 to maintain an action in tort', there is room for argument that a new and independent cause of action has been created. Between these extremes are statutes using the word `subrogate'  a word not quite as unambiguous as `assign'  followed usually by the phrase `to the rights of the employee', which seems to support the usual holding that the cause of action remains the original employee's action. Some statutes, like those of Massachusetts and Illinois, allow the subrogee to bring the third party action in the name of the employer or in the name of the employee; but the courts of the two states appear to disagree on whether this disjunctive provision creates a statutory cause of action."
In section 75.30, Larson states in regard to the applicable statute of limitation:
"Under most statutes containing no special treatment of the question of limitations, the subrogated employer's cause of action is barred by the same statute of limitations that would have applied to an action brought by the employee or his administrator. This view has usually prevailed over the argument that the subrogee's action is a new cause of action created by statute and therefore subject to the special statute of limitations for statutory causes of action. * * * "
The employer's carrier, in Walker v. Steneck, 42 A.2d 382, 383, 23 N.J. Misc. 156, sought recovery against a third party for the employee's injuries beyond the statute of limitations which would be applicable to the employee. The court, in stating that the carrier secured its rights by virtue of the New Jersey Workmen's Compensation statute, set out the applicable portions of that statute and then dismissed the action as follows:
"* * * `When an injured employee or his dependents fail within one year of the accident to either effect a settlement with or institute proceedings for recovery of damages for his injuries and loss against the third person or corporation, the employer or his insurance carrier, ten days after a written demand on the injured employee or his dependents, can either effect a settlement with or institute proceedings against the third person or corporation for the recovery of damages for the injuries and loss sustained by such injured employee or his dependents and any settlement made or proceedings had and taken by such employer or his insurance carrier against such third person or corporation, and such right of action shall be only for such right of action that the injured employee or his dependents would have had against the third person or corporation, and shall constitute a bar to any further claim or action by the injured employee or his dependents against the third person or corporation. * * * The legal action contemplated herein above shall be a civil action at law in the name of the injured employee or by the employer or insurance carrier in the name of the employee to the use of the employer or insurance carrier, or by the proper party for the benefit of the next of kin of the employee'.
"The very wording of the statute from which the substituted plaintiff secures its rights restricts it to the right of action that the injured employee had or in other words a violation of her personal rights. It could possibly be termed statutory subrogation. The substituted plaintiff in this instance would be subject to the same defenses as were available against the injured employee and therefore the statute of limitations would be that of N.J.S.A. 2:24-2. Motion to dismiss granted."
A similar issue was presented to the court in Maryland Casualty Co. v. Ladd, 121 Kan. 659, 249 P. 687, 688, wherein an employer's workman was injured while in the course of his employment by the negligence *567 of a stranger, and the employer became liable to the workman under the provisions of the compensation act. The employer had entered into a contract with the casualty company to indemnify him against liability to his employees arising from injuries sustained in the course of their employment. The liability of the employer for the compensation to his workman was recognized, and was assumed and paid by the casualty company. Pursuant to a provision of the compensation act, that an indemnitor who has paid compensation shall be subrogated to the rights of a workman to recover damages against the wrongdoer, the casualty company brought an action against the wrongdoer by whose negligence the injury was inflicted upon the workman, alleging that the injury was the result of the wrong and negligence of the stranger, and asking damages against him. The Kansas Supreme Court held that the statute allowing the substitution of the party who had paid the indemnity did not change the nature of the liability of the stranger for the injury; that the indemnitor acquired only the right and remedies possessed by the workman; and that, since the action was one in tort to recover damages for the wrongful personal injury, it became barred in two years after the injury was inflicted. The court commented in so holding:
"* * * The plaintiff is seeking to enforce the right of action which Branson had. It was given, and had no greater or different right against Ladd than Branson had. By the substitution permitted under the statute plaintiff became entitled to the rights and remedies possessed by the injured party. Branson's only right of action was one for damages for a wrongful personal injury. The substitution placed the plaintiff in the shoes of Branson, who was entitled to recover from Ladd, not compensation, but damages, and in such an action the defendant could make any defense that would have been open to him if the action for damages had been brought by Branson, including the one that the right of action against him was barred by the statute of limitations. The substitution did not change the nature of the action nor the liability of Ladd. This liability and the fact that plaintiff acquired only the rights and remedies possessed by Branson against Ladd makes it clear that the two-year period of limitations applicable to a recovery for a wrongful personal injury is the governing limitation in this action, and hence the ruling of the district court must be affirmed."
In Fidelity & Casualty Co. of New York v. St. Paul Gas Light Co., 152 Minn. 197, 188 N.W. 265, 266, the court stated in regard to the same issue:
"* * * The provisions of the act subrogating the employer to the rights of the employee against third persons negligently or otherwise causing injury to him create no new right of action in either; such provisions serve only to place the employer who pays the compensation in the first instance in the position of the employee in respect to the remedies held against the third person. The employer thereby acquires such rights, and such rights only, as were at the time vested in the employee; nothing more, and nothing less."
The applicable portions of our own act as found in section 440.39, Florida Statutes, F.S.A., which was in effect in 1955 when the instant injury occurred is as follows:
"If the employee * * * shall accept compensation benefits under this law or begin proceedings therefor, the employer or, in the event the employer is insured against liability hereunder then the insurer, shall be subrogated to the rights of the employee * * * against such third party tort-feasor, * * *

*568 "In actions at law against a third party tort-feasor, the employee, * * * shall sue for the employee individually, and for the use and benefit of the * * * employer's insurance carrier, * * * and such suit may be brought in the name of the employee * * *, as plaintiff or, at the option of such plaintiff may be brought in the name of such plaintiff and for the use and benefit of the * * * insurance carrier, as the case may be. * * *
"If the injured employee * * * shall fail to bring suit against such third party tort-feasor within one year after the cause of action thereof shall have accrued, * * * the insurance carrier, may institute suit against such third party tort-feasor either in his own name or as provided by subsection (3) of this section, * * *"
These are the statutory provisions under which the present action was instituted in the lower court. As set forth in the facts stated the action was commenced more than three years following the date the plaintiff was injured but less than four years from that date. The language employed in the above statute  "* * * the employer * * * shall be subrogated to the rights of the employee * * *" clearly indicate that the employer's right is to proceed to enforce whatever rights the injured employee possessed against the tort-feasor. It should also be noted that the employer is given the right to proceed with the action in the name of the injured employee. In view of the language of the statute and after consideration of the authorities presented herein, we conclude that the right of a workmen's compensation insurance carrier is not a new independent right created by statute. The right of subrogation is clearly a creature of statute. See Brosnahan Construction Co. v. City of Miami Beach, Fla.App. 1960, 121 So.2d 827; Cushman Baking Co. v. Hoberman, Fla. 1954, 74 So.2d 69, 71. After being branded subrogation by the statute, however, the subrogated workmen's compensation carrier is merely granted the right to enforce the cause of action possessed by the injured employee and the defenses which would be available to the third party tort-feasor are only those which would be available against the injured employee. We conclude, therefore, that the present action, being one for the recovery of damages on the ground of negligent causation of injuries, is subject to the four year statute of limitation. The lower court was in error in holding valid the defense of the three year statute of limitation which is applicable to liabilities created by statute.
We must dispose of a procedural question before we determine whether or not the release given by the employee precluded the employer or his carrier from instituting the suit in question.
The appellee contends that the appellant is precluded from questioning the validity of the release by failing to reply to the defendant's affirmative defense concerning the execution of the release.
Rule 1.7, F.R.C.P., 30 F.S.A., provides:
"(a) Pleadings Allowed. There shall be a complaint and an answer and there shall be a reply if the answer contains a counterclaim (set-off or recoupment) or a cross-claim. No additional pleadings, other than motions provided by these Rules, shall be allowed, except that the court may order a reply to an answer." (Emphasis added.)
Rule 1.7 is an adaptation of Federal Rules of Civil Procedure, rules 7(a) and 10(a), 28 U.S.C.A., and former Common Law Rule 8.
In Gulf Life Insurance v. Ferguson, Fla. 1952, 59 So.2d 371, the court construed the former law rules as requiring a plaintiff to serve a reply setting forth a defense, such as waiver of estoppel, when he wished to raise such matters in opposition to an affirmative defense contained in an answer. *569 The new rule provides that there shall be no reply to an answer not containing a counterclaim or a cross-claim unless the court so orders. In the Committee Note to Rule 1.7, the following is stated:
"* * * The Committee believes and intends this change will obviate the ruling of the Supreme Court in Gulf Life Insurance Company v. Ferguson [Fla.], 59 So.2d 371."
Although it is true, as contended by the defendant, that Rule 1.8(d) requires a party, in pleading to a preceding pleading, to set forth affirmatively certain defenses, it should be noted that Rule 1.8(e) provides that averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided. The effect of these rules, read together, is that when a party is required to reply to an answer, because the answer contains a counterclaim or cross-claim or because he is ordered to reply by the court, he must set forth the affirmative defenses. If the answer does not contain a counterclaim or cross-claim, however, and the court does not require a reply to the answer, such affirmative defenses are not to be pleaded by the plaintiff and he is entitled to raise and present them at trial without having placed them in a reply or other pleading. The fact that the court authorized the plaintiff to reply did not require that he do so.
We must rule against the appellee on this procedural question.
The lower court granted summary judgment to the defendant on the ground that the release executed by the injured employee operates as a bar to the present action. The employee was injured on May 23, 1955, and executed the release on or about October 28, 1955. The present action was filed on November 12, 1958, and the defendant's answer was filed on December 4, 1958. The answer alleged: a denial of the allegations of the complaint; a plea of contributory negligence; a plea of assumption of the risk; a plea of release; and a plea of the statute of limitations pertaining to a liability created by statute. On May 11, 1959, the plaintiff was granted leave to file a replication to the defense of release within 10 days. The plaintiff filed no reply to this defense. On July 17, 1959, the defendant filed a request that within 12 days, plaintiff affirm or deny certain admissions, two of which provided:
"1. That he executed a general release in the words and figures of Exhibit A attached hereto and made a part hereof.
"2. That he received on or about October 28, 1955, One Thousand Four Hundred ($1,400.00) Dollars in consideration of said release."
Exhibit A referred to in the request for admissions is a duplicated copy of an unsigned release which has been filled in to support the allegations of the defendant. The plaintiff did not answer the request for admissions and on August 18, 1959, the defendant moved for summary judgment. The court, in entering the summary judgment in favor of the defendant, found that there was no genuine issue of any material fact as to the defenses relating to the release and the statute of limitation of a liability created by statute.
The plaintiff contends that the action, being one instituted by the workmen's compensation insurance carrier to recover its subrogated interest, is not barred by the release executed by the employee although it is conceded that the employee's release would preclude recovery of more than the insurance carrier is entitled to recover under section 440.39. There appears to be a great diversity of opinion on this question. 58 Am.Jur., Workmen's Compensation, sec. 336; 2 Larson, Workmen's Compensation Law, sec. 73.22; Annotations 19 A.L.R. 788; 27 A.L.R. 505; 37 A.L.R. 846; 67 A.L.R. 271; 88 A.L.R. 687; 106 A.L.R. 1056; 142 A.L.R. 191. Under our statute which was in effect at the time of plaintiff's injury, the right to collect compensation *570 and the right to recover against a thirdparty tort-feasor are concurrent remedies, and it is not necessary to make an election. In 2 Larson, Workmen's Compensation Law, sec. 73.22, the author states in regard to this type statute:
"The question of the effect of a release may also arise under statutes which do not put the employee to his election, since here, although it cannot be said that the employee is barred by the election doctrine, it can still be argued that he may have prejudiced the employer by impairing his subrogation rights. However, in such jurisdictions it has usually been held that the settlement impaired neither the employee's compensation rights nor the employer's subrogation rights, on the theory that the third party has constructive statutory notice of the employer's subrogation interests, and must be held to know that he cannot evade his liability to the employer as subrogee by a settlement with the employee."
The decision of the court in Sweat v. Allen, 1941, 145 Fla. 733, 200 So. 348, was based on the workmen's compensation provisions of Acts 1935, Ch. 17481, sec. 39(a), as amended by Acts 1937, Ch. 18413, sec. 14, which provided in part:
"(1) If on account of a disability or death, for which compensation is payable under this chapter, the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect by giving notice to the employer and the Commission in such manner as the Commission may provide, to receive such compensation or to recover damages against such third person. This notice must be given within thirty days from the date of the accident.
"(2) The giving of notice to accept such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person.
"(3) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceedings, provided no compromise shall be perfected unless and until the reasonableness thereof shall be approved by a Circuit Judge of the Judicial Circuit on which the damages accrued, and no such approval shall be given until proof has been made of five days notice to the person entitled to receive compensation under this chapter." (Emphasis added.)
In the Sweat case the injured employee had an accident on January 11, 1938, and he executed a release of the third party tort-feasor on May 12, 1938. His employer sought to deny his right to compensation on the ground that the execution of a settlement and release with the third party tort-feasor by the employee constituted an election under the above statutory provisions and that such action extinguished the employer's subrogation rights against the third party. The court held that the statute did not require an employee to elect one of two inconsistent remedies and that the provision requiring the employee to give notice of his election to sue a third party was for the protection and benefit of the employer. The court concluded this issue by stating [145 Fla. 733, 200 So. 352]:
"It is our conclusion, in view of the policy of the Act and the purpose of section 39, that a negligent third party cannot, without the consent or concurrence of the employer, effect or preclude the right of the employer to the recovery of damages against him to the extent of compensation allowable by settlement with the injured workman. The wrongdoer must take notice of the rights of all, and cannot by a settlement with the injured party increase the burden of the innocent employer. *571 The statute, while protecting the workman, does so without sacrificing the rights of either the employer or the third party. The latter cannot be placed in any less favorable position, because whatever he pays he cannot be called upon to pay again; but, if he settles for less than his actual liability, he remains liable to the employer for such excess up to the amount allowed under the Act. See Everard v. Woman's Home Companion Reading Club, Mo. App., 122 S.W.2d 51; General Accident & Assur. Corp. v. John P. King Mfg. Co., 60 Ga. App. 281, 3 S.E.2d 841. The release in such case constitutes no obstacle in the way of the insurer prosecuting the assigned claim against the third party, and hence is no defense to these proceedings for compensation by the employee."
In Saunders v. Cities Service Oil Co., Fla. 1950, 46 So.2d 597, 598, the court's decision was based on the provisions of Chapter 23822, Acts of 1947, Laws of Florida, which amended the workmen's compensation statute to read as follows:
"(1) If an employee, subject to the provisions of this Act, is injured or killed by the negligence or wrong, of a person other than the employer, such injured employee or, in the case of his death, his dependents, shall elect whether to accept compensation under this Act or to pursue his or their remedy against such third person.
"(2) Settlement of a claim, commencement of or settlement of an action against said third person shall constitute an election by the employee or his dependents to pursue his or their remedy against such third person. In the event such an election is made, the employee or his dependents shall not be entitled to any compensation under this Act."
The claimant in the Saunders case was injured by a third person and thereafter accepted $3,000 in full settlement for his injuries and entered into a covenant not to sue the third party and his insurance carrier. The claimant thereafter applied for workmen's compensation benefits which was denied by the Deputy Commissioner. The Industrial Commission affirmed the Deputy and claimant appealed to the circuit court. The circuit judge, A.O. Kanner, now a member of this court, affirmed, and claimant appealed to the Supreme Court. The Supreme Court differentiated the Sweat case on the basis that the statute had been amended to read as set forth above. The court affirmed by holding that the acceptance by a compensation claimant, who was injured by a third person, of a sum as full settlement and entering into a covenant not to sue the third party and his insurance carrier, constituted such an election under the statute as would preclude the claimant from asserting his claim for compensation benefits against his employers and their insurance carriers, notwithstanding that the covenant not to sue expressly purported to reserve to claimant all rights to proceed against any other person or persons.
The statute was amended again in 1951 by chapter 26546, sec. 1, Laws of 1951, which is quoted previously. This amendment, unlike the previous provisions, authorized the employee to accept compensation and to pursue his remedy by an action at law or otherwise against the third party, thus eliminating the necessity of an election by the claimant. Thus the holding of the Saunders case would appear to be no longer controlling on this issue, and the holding of the Sweat case would once again be of some persuasion.
Just as numerous amendments to our own statute has caused diversity in our own case law, much of the diversity in the decisions of other jurisdictions can be explained by differences in the statutes of the various states. In some states the statutes expressly provide that settlements cannot be made without the consent of the employer. Under these statutes it has been held that if a settlement is made without the consent of the employer, the employee cannot recover *572 compensation benefits, Berenberg v. Park Memorial Chapel, 286 App.Div. 167, 142 N.Y.S.2d 345, or that a settlement is void and binds no one. Sinclair Oil & Gas Co. v. State Industrial Comm., 151 Okla. 228, 3 P.2d 438.
It is evident from the execution of the release that the third party tort-feasor had knowledge that the employee was injured during the course of his employment with the Department of Agriculture. The third party is accordingly charged with knowledge of the law providing that the employer or his insurance carrier is subrogated to the rights of the employee if compensation benefits are paid and, as stated previously, the third party is cast with statutory notice of the employer's subrogation interests.
Even in states whose statutes contain no provision relating to the right of an employee to settle such claims, generally one of the three following results have been adopted: (a) The employee cannot make a settlement without the consent of the employer who is liable for compensation: Western Maryland Ry. Co. v. Employers' Liability Assur. Corp., 163 Md. 97, 161 A. 5; Fort Worth Lloyds v. Haygood, 151 Tex. 149, 246 S.W.2d 865; (b) The employee may be allowed to make the settlement but is precluded thereafter from recovering compensation from the employer; White v. New Mexico Highway Comm., 42 N.M. 626, 83 P.2d 457; (c) In what appears to be a majority of the states, the employee is allowed to make the settlement, and still collect compensation, but the employer is not thereafter precluded from recovering from the third party the amount it must pay, in spite of the settlement. Benoit Coal Mining Co. v. Moore, 215 Ala. 220, 109 So. 878; Papineau v. Industrial Accident Comm., 45 Cal. App. 181, 187 P. 108; Sweat v. Allen, 145 Fla. 733, 200 So. 348; Everard v. Woman's Home Companion Reading Club, 234 Mo. App. 760, 122 S.W.2d 51; Hugh Murphy Construction Co. v. Serck, 104 Neb. 398, 177 N.W. 747; Smith v. Yellow Cab Co., 288 Pa. 85, 135 A. 858; Doyle v. Teasdale, 263 Wis. 328, 57 N.W.2d 381; Lang v. William Bros. Boiler & Mfg. Co., 250 Minn. 521, 85 N.W.2d 412.
In view of the provisions and the intent of the Workmen's Compensation Act as a whole, the conclusion we reach is that the release or settlement without notice to the employer or his carrier does not affect the rights of the employer or insurer to proceed against the third party the same as if such settlement had not been made.
The lower court is reversed for further proceedings not inconsistent with this opinion.
KANNER, J., and WHITE, JACK, Associate Judge, concur.