ANDREWS, Acting Chief Judge.
The plaintiff, Bituminous Casualty Corporation, appeals a final summary judgment for defendant, Florida Power and Light Company, alleged third party tort-feasor, limiting its subrogated claim to an equitable pro rata share of the proceeds of settlement between the injured claimant and defendant.
Plaintiff is the workmen’s compensation insurance carrier for the Trio Development Company. George A. Washington, an employee of the Trio Development Company, was injured while acting within the course of his employment when a crane came into contact with defendant’s overhead power line.
Plaintiff has paid and allegedly is continuing to pay workmen’s compensation benefits to Washington. On January 23, 1963, plaintiff sent written notice to defendant of workmen’s compensation coverage and payment of benefits to Washington pursuant to such coverage. On May 13, 1963, without suit being filed, defendant settled Washington’s third party claim against the power company for personal injuries arising out of the accident for the amount of $10,000. Washington executed and delivered a release to defendant. The defendant did not give notice to the insurance carrier of the proposed settlement and release.
On July 6, 1964, plaintiff brought this action against defendant to recover the full amount of the workmen’s compensation benefits paid and to be paid which at the time of suit exceeded $39,000. Defendant raised by way of answer the defense that the injured employee had given a complete release and that plaintiff’s sole remedy was a pro rata share of the settlement proceeds based upon equitable distribution.
Defendant moved for a summary judgment and filed a petition for equitable distribution of the settlement proceeds. The trial court granted defendant’s motion and entered a judgment against the power company awarding plaintiff $1,000 as its equitable pro rata share of the settlement proceeds. The trial court construed F.S.A.' § 440.39(3) (b) to mean that, where an injured employee settles with a third party tort-feasor before suit is filed without giving notice to the compensation carrier, a release given by the employee to the third party tort-feasor will limit the carrier’» right of subrogation solely to an equitable distribution of the settlement proceeds. The trial court’s decision is contrary to the rule established in Dickerson v. Orange State Oil Company, Fla.App.1960, 123 So. 2d 562, and Dade County v. Michigan Mutual Liability Company, Fla.App.1961, 130 So.2d 111.
Defendant urges that both the Dickerson case and the Dade County case were decided on the basis of F.S.A. § 440.39 as it existed prior to the 1959 amendment and that the proper construction of the 1959 amendment, F.S.A. § 440.39(3) (b) limits a compensation carrier’s right of subrogation solely to a pro rata share based upon equitable distribution of the settlement proceeds, and therefore the Dickerson and Dade County cases are no longer authority.
The question thereby presented this court is whether or not the 1959 amendment, F.S.A. § 440.39(3) (b) limits a compensation carrier to a pro rata share based upon equitable distribution of the settlement proceeds where the carrier was not given notice prior to the settlement and release. A comparison of section 440.39(3) of the workmen’s compensation statute as it ex *428 isted when the Dickerson and Dade County cases were decided and the statute as amended in 1959 discloses that the only change made was the addition of the clause (b).[1]
Prior to 1959 the employer or his compensation insurer could assert a statutory right of subrogation against a third party tort-feasor. The manner of asserting this right and the method of determining its value depended upon whether the injured employee filed suit for himself and his employer or forfeited that right to his employer. If the employee filed suit the value of the employer’s subrogation claim for the sum paid or to be paid as compensation benefits was a pro rata share of the amount recovered. F.S.A. § 440.39(3) (a). If the employee failed to file suit within one year that right inured to the employer or his insurance carrier under subsection 440.39(4) which authorized full subrogation against the amount recovered for the sums paid as workmen’s compensation benefits plus a pro rata share of costs. These provisions are still retained in the statute.
Prior to 1959 the statute did not specifically cover the situation existing when the injured employee settled with the third party tort-feasor, so the right of subrogation after such a settlement became the subject of much litigation. Numerous are the cases which have held that a settlement between the injured employee and the third party tort-feasor could not be pled as a bar to an action instituted by the employer or his insurance carrier pursuant to their right granted by subsection (4) when the tort-feasor entered into the settlement with knowledge that the employee was receiving workmen’s compensation benefits. Dickerson v. Orange State Oil Company, supra, and Dade County v. Michigan Mutual Liability Company, supra. Furthermore, our courts have held that, after the filing of a suit by the injured party, F.S.A. § 440.39(3) (a) governs whether the suit results in recovery by settlement or by judgment. Brosnahan Construction Co. v. City of Miami Beach, Fla.App.1960, 121 So.2d 827.
Therefore, prior to the effective date of the 1959 amendment the rights of the subrogee and the conditions of subrogation were controlled by subsection (3) or (4) depending upon who filed the action regardless of whether there was a settlement or not. The 1959 amendment, F.S.A. § 440.39(3) (b) did nothing more than to set out in the statute a method for exercising the right of subrogation in the settlement amount. It did not purport to abolish the right of the employer or his insurer to a judicial determination of the extent of the total liability of the third party tort-feasor when the cause of action inured to one of them under paragraph (4). Paragraph (3) (b) is neither expressly nor impliedly in conflict with paragraph (4).
The amendment of 1959 does not add anything to the statute as previously interpreted except to limit the venue in which the petitions for equitable distribution must be filed. A third party who has notice of the subrogation claim may settle with the injured employee but only at his own risk, for such a settlement affects only the employee’s claim unless the carrier is notified so that it may participate therein.
The complaint in the case sub judice was filed under paragraph (4). This is the identical section considered in Dickerson v. Orange State Oil Company, supra; Russell v. Shelby Mutual Insurance Company, Fla. App.1961, 128 So.2d 161; and Dade Coun *429 ty v. Michigan Mutual Liability Company, supra.
We, therefore, hold that, since the Florida Power and Light Company had notice of the right of Bituminous Casualty Corporation to subrogation, the release of the injured workman without notice does not limit the right of the insurance carrier against the third party tort-feasor to a pro rata share of the settlement. Dickerson v. Orange State Oil Company, supra; Dade County v. Michigan Mutual Liability Company, supra.
Reversed and remanded.
RAWLS, JOHN S., Associate Judge, concurs.
WALDEN, J., dissents.

. F.S.A. § 440.39(3) (b). If the employer or insurance carrier has given written notice of his rights of subrogation to the third party tort-feasor, and, thereafter, settlement of any such claim or action at law is made, either before or after suit is filed, and the parties fail to agree on the proxiortion to be paid to each, the circuit court of the county in which the cause of action arose shall determine the amount to be paid to each by such third party tort-feasor in accordance with the provision of paragraph (a) above.