CARROLL, Judge.
Francisco Gutierrez, herein referred to as the employee, was injured during the course of his employment while driving a motor vehicle owned by his employer, when involved in a collision with an automobile owned by Gladys A. Smith, driven with her consent by Joyce Elaine Smith. Consequent thereon Maryland Casualty Company, the workmen’s compensation insurance carrier of the employer of Gutierrez, paid compensation benefits to or on behalf of the latter in the amount of approximately $4,300.
The automobile accident occurred on March 27, 1968. On April 17, 1968, Maryland Casualty Company gave the Smiths written notice of its subrogation rights. The employee did not file an action for damages against the third party tort fea-sors within a year after the accident. Thereafter, within the second year after the accident, but prior to the filing of any action against the third party tort feasors by the compensation carrier as it could have done in the second year under F.S. § 440.39(4) (a), F.S.A., the employee settled his claim against the Smiths as third party tort feasors upon payment by them of the sum of $9,305. That settlement was made on May 23, 1969.
Thereafter, on March 17, 1970, Maryland Casualty Company filed an action *527 against the Smiths and their insurer American Auto Insurance Company, not on the tort claim, but seeking recovery of the amount of workmen’s compensation paid to or on behalf of the injured party Gutierrez.
The record shows that upon such settlement of the employee’s claim against the Smiths, the employee through his lawyer wrote to the Smith insurer stating: “Any compensation lien re the above shall be the responsibility of claimant [Gutierrez].” Based thereon, in the answer of defendants to the complaint filed by Maryland Casualty Company, the defendant American Auto Insurance Company made a third party claim against the employee and his attorney for indemnity for any amount which should be recovered against the defendants by Maryland Casualty Company for its compensation payments to the employee.
In answer thereto the employee did not dispute the subrogation claim of American Auto Insurance Company. In opposition to the complaint of Maryland Casualty Company the employee denied the latter was entitled to be reimbursed for the full amount of compensation, and averred it was entitled to be reimbursed only on an equitable distribution basis out of the settlement.
The trial court denied the prayer of Maryland Casualty Company for payment of the full amount of compensation and medical benefits paid to or for the employee, and held the company was entitled to a pro rata share thereof based on equitable distribution of the amount received by the employee upon the settlement. The court fixed that sum at $840, and granted judgment thereon in favor of Maryland Casualty Company against the Smiths and their insurer American Auto Insurance Company. On the third party complaint the court, by separate order, held that American Auto Insurance Company was entitled to indemnification (against the lessee) for the amount thus awarded to Maryland Casualty Company.
The plaintiff Maryland Casualty Company appealed, contending the trial court erred in holding it was not entitled to the full amount of benefits expended, and by restricting it to a pro rata share of the settlement amount based upon equitable distribution. We find the appellant’s contention to be without merit.
The employee’s claim against the tort feasors having been settled where no action had been filed on the tort claim by the workmen’s compensation insurance carrier under subsection 4 of § 440.39 Fla.Stat., F.S.A., the settlement falls under the provisions of paragraph (b) of subsection 3 of § 440.39 which, with the aid of subpara-graph (a) thereof to which reference is there made, provides for the compensation carrier to receive a pro rata share of the settlement amount based on equitable distribution. The trial court properly interpreted the statute in that respect, and the ruling thereon was eminently correct. See Zurich Insurance Company v. Renton, Fla.App.1966, 189 So.2d 492.
Affirmed.