272 So.2d 517 (1973)
MARYLAND CASUALTY COMPANY, Petitioner,
v.
Gladys A. SMITH et al., Respondents.
No. 41275.
Supreme Court of Florida.
January 17, 1973.
*518 Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Miami, for petitioner.
Peter S. Schwedock, of Pelzner & Schwedock, Miami, for respondents.
CARLTON, Chief Justice.
Certiorari was granted in this cause to resolve a conflict between the decision of the District Court below, reported at 247 So.2d 526 (3rd D.C.A., Fla. 1971); Bituminous Cas. Corp. v. Florida Power & Light Co., 190 So.2d 426 (4th D.C.A., Fla. 1966), and Dickerson v. Orange State Oil Co., 123 So.2d 562 (2nd D.C.A.Fla. 1960). The issue in conflict is whether or not under Fla. Stat. § 440.39, F.S.A., settlement without notice by an employee, injured by a third party tort feasor, bars a suit in the second year by an employer,[1] and limits the recovery of the employer to an equitable distribution of the settlement.
On March 27, 1968, Gutierrez, an employee covered by workmen's compensation, was injured in an automobile collision by Smith, a third party tort feasor. In the ultimate, Maryland Casualty, the compensation carrier, was liable to Gutierrez for $4,300.00 in compensation benefits. Maryland notified Smith and her liability insurer, of its subrogation rights. Gutierrez did not file suit against Smith within the first year, but May 23, 1969 (within the second year), Smith's insurer settled the accident claim with Gutierrez for $9,305.00. As part of the settlement transaction, Gutierrez accepted responsibility for indemnification of Maryland's compensation benefits claim.
Maryland received no notice of the settlement. On March 17, 1970, it filed a second year action against Smith and her carrier under Fla. Stat. § 440.39(4)(a), F.S.A., not on the tort claim, but instead solely for recovery of its compensation liability. Smith's insurer then filed a third party claim against Gutierrez for indemnification of its ultimate liability to Maryland. Gutierrez did not dispute his liability to Smith's insurer, but he argued that Maryland was entitled only to an equitable distribution out of the settlement. The trial court agreed with Gutierrez that: (1) he had to indemnify Smith's insurer in accord with the settlement agreement; (2) the indemnification was limited to a pro rata share of the settlement based on an equitable distribution. In essence, the trial court held that Maryland was not entitled to a full reimbursement under Fla. Stat. § 440.39(4)(a), F.S.A., because a settlement had been reached prior to the filing of suit by Maryland, even though Maryland was not so informed. The compensation carrier was awarded $840.00 as its pro rata share of the equitable distribution of the settlement.
On Maryland's appeal, the District Court affirmed, holding in part:
"The employee's claim against the tortfeasors having been settled where no action had been filed on the tort claim by the workmen's compensation insurance carrier under subsection 4 of § 440.39 Fla. Stat., F.S.A., the settlement falls under the provisions of paragraph (b) of subsection 3 of § 440.39 which, with the aid of subparagraph (a) thereof to which reference is there made, provides for the compensation carrier to receive a pro rata share of the settlement amount based on equitable distribution. The trial court properly interpreted the statute *519 in that respect, and the ruling thereon was eminently correct. See Zurich Insurance Company v. Renton, Fla.App. 1966, 189 So.2d 492."
Although a divergent view is expressed in Bituminous and Dickerson, supra, we agree with the holding of the District Court. The dissimilar interpretations offered by cases involving settlement without notice can be directly assigned to the inartful draftsmanship exhibited in Fla. Stat. § 440.39, F.S.A. Recently, in Aetna Cas. & Sur. Co. v. Bortz, 227 So.2d 108 (Fla. 1972), we reexamined this section of the Workmen's Compensation Chapter from the perspective of its historical development. Two conclusions from the research engendered by that case are pertinent here.
First, the right of employers to subrogation for compensation benefits has traditionally been conceived as a statutory, and not an inherent, right. Second, subrogation rights have shifted in thrust over the past thirty-five years (first enacted as Section 39, Chapter 17481, Laws of 1935) from a scheme giving an advantage to the employer to one giving an advantage to the employee. An examination of the revision of the section will show this to be an objective perception, although it is clear that the Legislature is attempting to achieve a balance of the respective interests.
Fla. Stat. § 440.39, F.S.A., now allows the employee to file or settle in the first year under subsection (3)(a); in this event, the employer is entitled to an equitable distribution. If suit has not been filed, and no settlement has been negotiated in the first year, subsection (4)(a) permits the employer to file suit or institute a settlement. Since the language of (4)(a) stresses "may", it is assumed that the Legislature intended that the rights of the employer and employee are concurrent in the second year until one or the other acts first. Jersey Ins. Co. of New York v. Cuttriss, 220 So.2d 15 (3rd D.C.A.Fla. 1969); Home Indemnity Co. v. McAdams, 139 So.2d 433 (3rd D.C.A.Fla. 1962); Zurich Ins. Co. v. Renton, 189 So.2d 492 (2nd D.C.A. Fla. 1966). If the employer fails to act in the second year, subsection (4)(b) provides that equitable distribution shall again apply.
Fla. Stat. § 440.39, F.S.A., provides in (3)(a) that an employer "may file notice of payment of compensation," and also that notice of suit is to be filed, but it is silent as to notice of settlement. When subsection (3)(b) was added, it did not require a notice of settlement. The Bituminous and Dickerson cases, supra, suggest that an employer is entitled to notice so that the terms of the settlement can be approved, but the employer's consent is not suggested by the statutory language in (3)(b). The employer is entitled only to subrogation of the settlement, not to dictate the terms of the settlement. Note that subsection (5) provides that when the employer has control of the claim, no settlement can be reached except upon agreement with the employee.
It follows then that, as the statute is currently drafted, an employee is free to settle with or without notice since settlement need not be by consent of the employer. However, this freedom is not without limitation. Failure to inform the carrier may be a factor in determining equitable distribution where the employer has expended time and expenses preparing for a second-year suit without notice of settlement. It may also be a factor where it appears that the employee and the third party have joined in a bad faith effort to lessen the employer's potential recovery. Additionally, the trial court should consider whether the employer's participation in the settlement, had he received notice, might have improved the ultimate settlement decided upon even though the employer could not dictate the settlement terms.
If under these and related equitable factors, it is decided that the settlement *520 sum would have been increased had the employer been given notice, or that the employer's expenditures would have been reduced, then to that extent the employer would be entitled to a greater share of the recovery in accord with equitable principles. Under the facts of this case and the record before us, we see nothing to suggest that the trial court did not take these factors into consideration.
As to the equitable distribution, we note, in passing, a further point. Maryland's suit was specifically limited to its compensation liability. Had it been successful in proceeding with its suit, it would not have been seeking the tort recovery available to Gutierrez; it would have been seeking only a recovery limited to its own liability. This was an inequitable gesture in light of the fact that the employer's or carrier's suit in the second year is intended to be a vehicle for full recovery of tort damages for the employee, with the employer or the carrier being allowed to retain therefrom only its compensation liability. When Maryland filed its suit, it had no notice that there had been a settlement.
There being no error apparent in the decision under review, the writ heretofore issued should be discharged.
It is so ordered.
ROBERTS, BOYD and McCAIN, JJ., concur.
ERVIN, J., dissenting with opinion.
ERVIN, Justice (dissenting).
The Respondent Smiths, through Gladys A. Smith's auto liability insurance carrier, Respondent American Auto Insurance Company, a foreign corporation, settled out of court the claim of Francis Gutierrez against them for injuries inflicted because of the driving negligence of Joyce Elaine Smith. The settlement was in the sum of $9,305. Petitioner Maryland Casualty Company had paid to or on behalf of Gutierrez workmen's compensation benefits in the sum of approximately $4,300. Well prior to the $9,305 settlement, Maryland Casualty Company had given written notice to the Smiths and American Auto Insurance Company of its claim because of the workmen's compensation benefits it had paid or was due to pay Gutierrez. The Smiths and American Casualty Auto ignored the workmen's compensation benefit claim of Maryland Casualty Company and settled with Gutierrez, who also had due prior notice of Maryland Casualty Company's claim.
In ensuing litigation brought by Maryland Casualty Company against tortfeasors and American Auto Insurance Company, the trial court fixed the amount recoverable by Maryland Casualty Company on an equitable or pro rata basis to be the sum of $840 only.
The District Court of Appeal affirmed, giving as its reason the following:
"The employee's claim against the tortfeasors having been settled where no action had been filed on the tort claim by the workmen's compensation insurance carrier under subsection 4 of § 440.39, Fla. Stat., F.S.A., the settlement falls under the provisions of paragraph (b) of subsection 3 of § 440.39 which, with the aid of subparagraph (a) thereof to which reference is there made, provides for the compensation carrier to receive a pro rata share of the settlement amount based on equitable distribution. The trial court properly interpreted the statute in that respect, and the ruling thereon was eminently correct. See Zurich Insurance Company v. Renton, Fla.App. 1966, 189 So.2d 492."
There is conflict due to the divergence of District Court decisions' relative application and interpretation of F.S. Section 440.39, F.S.A. Compare the instant District Court decision and Zurich Insurance Company v. Renton, Fla.App. 1966, 189 So.2d 492, with Maryland Casualty Company v. Simmons, Fla.App., 193 So.2d 446; Bituminous *521 Casualty Corp. v. Florida Power & Light Co., Fla.App., 190 So.2d 426; Cook Motor Company v. Vaughn, Fla.App., 189 So.2d 536; Dickerson v. Orange State Oil Company, Fla.App., 123 So.2d 562, and General Guaranty Insurance Company v. Moore, Fla.App., 143 So.2d 541.
F.S., Section 440.39, F.S.A., provides that employer or his insurer
"shall be subrogated to the rights of the employee .. . against such third party tort-feasor, to the extent of the amount of compensation benefits paid or to be paid as provided by sub-section (3) of this section."
Subsection (3)(a) first provides for suit by the employee or by others for him against the third party tort-feasor and that in such suit employer or its insurer may file a notice of payment of compensation benefits to employee; that the same
"shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their [employer or its insurer] pro rata share for compensation benefits paid or to be paid ... based upon such equitable distribution of the amount recovered as the court may determine, less their pro rata share of all court costs expended by plaintiff .. . including reasonable attorney's fees..."
Provision is then made in subsection (3)(b) that as to settlements between employee and a third party tort-feasor who have notice of the compensation benefits claim of employer or its carrier, the same shall be prorated between employee and employer or its carrier as in the case where a judgment is recovered against the tort-feasor.
It appears to me that the statute was improperly applied by the courts below herein and has been improperly construed in some of the earlier District Court decisions.
The amount of $840 appears unrealistic on its face where approximately $4300 had been paid as compensation benefits and $9,305 was recovered by employee in a settlement made on behalf of third party tort-feasors. All of the language of Section 440.39 must be read together for a correct decision in this controversy. Therefrom, it appears that in all instances where the third party tort-feasor (and this would include his auto liability insurance carrier, if any) has been properly put on written notice of the lien or claim of the employer or its insurance carrier of compensation benefits paid or payable to the injured employee, any settlement or judgment recovery should always be subject to the following proration formula: The employer-carrier shall retain all amounts paid as compensation and medical benefits and the present value of all future compensation benefits payable, to be reduced to its present value from which future payments of compensation are to be paid, less their pro rata share of all court costs expended by the plaintiff, including reasonable attorney's fees for plaintiff's attorney. The remainder of the moneys recovered, if any, shall be paid to the employee or his dependents.
It appears to me that the language in Section 440.39(3)(a) in providing that written notice of compensation benefits paid or payable shall constitute
"a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law, based upon such equitable distribution of the amount recovered as the court may determine ..."
when literally read by itself fails to set forth reasonable guidelines and standards and consequently appears to give the trial court unbridled discretion to consider any "equitable" considerations selected by him. A proration thereunder presumably could be "measured by the chancellor's foot". However, other language of the section, e.g., subsection (4)(a), provides clear and realistic guidelines that the funds recovered *522 by judgment or settlement from a third party tort-feasor are to be subrogated "to the extent of the amount of compensation benefits paid or to be paid", less proration of court costs and reasonable attorney's fees, if any.
I see no basis for making any distinction as to the proration whether the recovery results pursuant to subsection (3)(a), or (3)(b), or (4)(a), or (4)(b) of Section 440.39, provided, always, proper and timely written notice of compensation benefits paid or to be paid had been given by employer or its insurer to the tort-feasor. It is important too, of course, that the statutory rights of employee or his dependents and employer-carrier, respectively, in reference to the time in which the one or the other may sue the tortfeasor or make settlement with him be fully observed.
If, of course, no notice is given the third party tort-feasor by the employer-carrier of compensation benefits paid or payable to the injured employee prior to recovery of judgment or settlement, no rights therein accrue to employer-carrier.
Even though it is not agreed to by a majority of the Court that an employer's subrogation right shall be "to the extent of the compensation paid," as indicated in the foregoing construction of Section 440.39, it would appear this case involves a Section 440.39(4)(a) and (5) situation.
Subsection (4)(a) expressly authorizes an employer-carrier to have subrogation rights in the second year, as I have hereinbefore indicated. Furthermore, subsection (5) provides settlement "either before or after [a subsection (4)(a)] suit is instituted shall not be made except upon agreement of [the parties concerned] as the case may be." As the case was here, a second-year settlement was made by employee although no suit was brought by employee within one year after his cause of action accrued. In the second year after his compensable injury, Gutierrez, the employee, on May 23, 1969 made a settlement of his accident claim with American Auto Insurance Company, the Smiths' insurer, all without notice to employer or its carrier, despite the fact the settlors had all been put on notice by employer-carrier of the compensation payments. This settlement was contrary to subsection (4)(a), which gives employer or its carrier the right to control the action on the claim against the tort-feasor in the second year after failure of the employee or his dependents to sue or settle in the first year. Control of the right to sue carries with it the right to initiate a settlement. Even though employee arrogated the authority to make the second-year settlement, at the very least employer-carrier should have been timely notified so it could have participated in the settlement [subsection (5)]. The settlement having been made, the recovery from the tort-feasor should have been prorated according to the formula set forth in subsection (4)(a) which is the same as the construction I believe subsections (3)(a) and (3)(b) should be given, as outlined first herein. Subsection (4)(a) expressly provides employer-carrier shall be subrogated to and entitled to retain from any "settlement made with such third party" the amounts paid as compensation subject to proration of costs and attorney's fees.
To sum up, it would appear that, F.S., Section 440.39, F.S.A., properly construed, operates as follows:
1. During the first year after the industrial accident where compensation has been accepted and the tort-feasor has been notified of the payment of compensation benefits, the employee or his dependents have control of the claim against the tort-feasor and may sue on or settle it.
2. During the second year, after the failure of the employee or his dependents to bring suit against the tort-feasor or to settle the claim with tort-feasor, the employer-carrier, after giving notice to employee or his dependents, may sue upon or settle the claim during such year. In which event, employer-carrier shall retain from the judgment or settlement all *523 amounts paid as workmen's compensation with costs and attorney's fees, to be prorated, and the remainder over to be paid to employee or his dependents. This appears to be the logical rationale of Trail Builders Supply Co. v. Reagan, Fla. 1970, 235 So.2d 482, and Aetna Casualty and Surety Co. v. Edwin Bortz, Fla. 1972, 227 So.2d 108. If, however, the employee undertakes to settle the claim against the tort-feasor in the second year without notice to the employer-carrier, employer-carrier should be entitled to a subrogation from the recovery as provided in subsection (4)(a).
Not having been given the right to participate in the settlement nor provision being made for Petitioner to be subrogated as provided in subsection (4)(a) out of the settlement recovery, Petitioner is entitled to recover in its suit herein an equivalent amount from the Respondent insurer, less an amount representing prorated costs and attorney's fees involved in the settlement. Such was the holding in Bituminous Cas. Corp. v. Florida Power & Light Co., D.C.A.4th 1966, 190 So.2d 426, and Dickerson v. Orange State Oil Co., D.C.A.2d 1960, 123 So.2d 562.
3. After the second year the right to sue on or settle the claim against tort-feasor reverts to the employee.
4. A careful reading of the statute as a whole indicates that while different time opportunities are given employee and his dependents on the one hand and the employer-carrier on the other to sue or settle with tort-feasor, the recovery obtained from the judgment recovery or settlement where notice has been given the tort-feasor of compensation payments is subject to division between employee and employer-carrier as indicated herein in conformity with the express standards set forth in subsection (4)(a).
NOTES
[1] The term "employer" is used throughout and should be considered as including the employer's compensation carrier where applicable.