128 So.2d 161 (1961)
Ben Henry RUSSELL, Appellant,
v.
SHELBY MUTUAL INSURANCE COMPANY, an Ohio corporation, authorized to do business in the State of Florida, Appellee.
No. 59-706.
District Court of Appeal of Florida. Third District.
February 13, 1961.
On Rehearing April 13, 1961.
*162 Fowler, White, Gillen, Humkey & Trenam and John D. McKee, Jr., Miami, for appellant.
Knight, Smith, Underwood & Peters and Joseph V. Niemoeller, Miami, for appellee.
PEARSON, Judge.
On March 26, 1957, appellant, Ben Henry Russell, was involved in an automobile collision. Muriel Shuey, not a party to this suit, was injured as a result of the accident. On May 2, 1957, in consideration of a payment of $1,550, Russell obtained an unconditional release of all claims Shuey might have against him as a result of the collision. In December, 1957, Shuey obtained workmen's compensation benefits because at the time of the accident she was acting within the course and scope of her employment as a waitress. She was paid $391 in compensation benefits by the appellee, Shelby Mutual Insurance Company, her employer's compensation carrier.
On October 3, 1958, Shelby Mutual filed suit against Russell under the provisions of section 440.39(2), Fla. Stat., F.S.A. This section was amended in the legislature in 1959, but as in effect at all times salient to this cause of action was as follows:
"If the employee or his dependents shall accept compensation benefits under this law or begin proceedings therefor, the employer or, in the event the employer is insured against liability hereunder then the insurer, shall be subrogated to the rights of the employee or his dependents against such third party tort-feasor, to the extent of the amount of compensation benefits paid as provided by subsection (3) of this section."
The parties entered into a stipulation of facts as follows:
"1. That Shelby Mutual Insurance Company, plaintiff herein, covered E & G, Inc. d/b/a Hideway Restaurant, under a Florida standard form workmen's compensation insurance policy on March 26, 1957.
"2. That Muriel Shuey, on March 26, 1957 sustained an injury arising out of and in the course of her employment with Hideway Restaurant.
"3. That the injury to Muriel Shuey was proximately caused by the negligence of the defendant, Ben Henry Russell, and that Ben Henry Russell is liable for the occurrence of the accident.
"4. That Shelby Mutual Insurance Company, in December, 1957, paid *163 Three Hundred Ninety-one ($391.00) Dollars in compensation and medical benefits to the claimant.
"5. That Ben Henry Russell made a settlement with Muriel Shuey on May 2, 1957 in the amount of One Thousand Five Hundred Fifty ($1,550.00) Dollars and secured a release from Muriel Shuey. At the time of settlement, Ben Henry Russell had no notice that Muriel Shuey was injured in the course of her employment.
"6. That the only point at issue is a point of law which is to be determined by the Court, the point being whether the release taken by tort-feasor, Ben Henry Russell, from the compensation claimant, Muriel Shuey, prior to the payment of compensation benefits, is a bar to the subrogation claim of Shelby Mutual Insurance Company."
The court found for the plaintiff Shelby Mutual and a summary final judgment was entered. The defendant Russell brings this appeal and we reverse.
The sole question for determination by this court is whether under the statute in effect at the time of this transaction, a settlement by a third party tort-feasor with the injured person, and the execution of release by the injured person prior to the payment of compensation benefits to him barred the subrogation rights of the compensation carrier. The appellee points out that this is another way of saying that the real issue is whether the tort-feasor could disregard the rights of the compensation carrier and make a valid release without making a determination of the possible right of the compensation insurance carrier. We are referred to Sweat v. Allen, 145 Fla. 733, 200 So. 348, as indicative of the principles of law to be applied in this case. We have reviewed the cited case and find that it is not applicable for the reasons stated in Saunders v. Cities Service Oil Co., Fla. 1950, 46 So.2d 597.[1]
As pointed out by the Supreme Court of Florida in Brinson v. Southeastern Utilities Service Co., Fla. 1954, 72 So.2d 37, 38: "From our study of the authorities, we are convinced that according to the sounder view, no subrogation was available in the absence of statute." Subrogation has been defined by the Supreme Court of Florida in Boley v. Daniel, 72 Fla. 121, 72 So. 644, 645, L.R.A. 1917A, 734: "Subrogation is the substitution of one person in the place of another with reference to a lawful claim or right". It is therefore apparent that whatever right Shelby Mutual claims under the statute came into being only after the payment of compensation. It will be noted that the statute refers to compensation paid. Therefore the right of Shelby Mutual was limited to the remedy of the employee Shuey, at the time the compensation was paid. At that time Shuey had no remedy because of her release. If the legislature had intended a different result it would have been necessary *164 for them to have so provided in the statute. This view of the matter is substantiated by the public policy of the State of Florida which is to encourage the prompt settlement of causes of action. DeWitt v. Miami Transit Co., Fla. 1957, 95 So.2d 898, 901; Harper v. Strong, 135 Fla. 10, 184 So. 848, 850.
A different holding would discourage the settlement of claims by requiring a tort-feasor to postpone settlement until such time as he could adequately protect himself against the possibilities of further claims under the workmen's compensation act. For the reasons above expressed the summary final judgment is reversed and the cause remanded with directions to enter a judgment for the defendant.
Reversed and remanded.
HORTON, C.J., and CARROLL, CHAS., J., concur.

On Rehearing
PER CURIAM.
The appellee has in its petition for rehearing pointed out that our opinion appears to be in conflict with the decision of the District Court of Appeal, Second District, in Dickerson v. Orange State Oil Company, Fla.App. 1960, 123 So.2d 562, which opinion was filed after the initial arguments in this case and by oversight was not considered. We have accordingly granted the petition and heard re-argument. We respectfully adhere to our original opinion.
HORTON, C.J., and PEARSON, J., concur.
CARROLL, CHAS., J., dissents.
CARROLL, CHAS., Judge (dissenting).
I am impelled to dissent from the conclusion of this court, on rehearing, to adhere to our opinion of February 13, 1961, which by such petition was shown to be in conflict with the decision of the second district court of appeal, rendered October 16, 1960, in the case of Dickerson v. Orange State Oil Company, Fla.App. 1960, 123 So.2d 562, 572, in which that court held:
"* * * [T]he conclusion we reach is that the release or settlement without notice to the employer or his carrier does not affect the rights of the employer or insurer to proceed against the third party the same as if such settlement had not been made."
On reconsideration of the instant case, I am inclined to follow the law as decided by the second district court of appeal, and to recede from our contrary opinion, and, therefore, I vote for affirmance. Cf. Sweat v. Allen, 145 Fla. 733, 200 So. 348.
NOTES
[1] In addition we are referred to two decisions of the Florida Industrial Commission, viz.: Moran v. The H.C. Nutting Company, 1 F.C.R. 151; Murphy v. Langston Construction Co., 1 F.C.R. 260. We find that the decision in the Moran claim is not helpful inasmuch as it is simply indicative that the holding of the full commission is that a release does not bar the claim for compensation benefits. However, in the Murphy claim the Industrial Commission indicates that the controlling law is as set forth in Sweat v. Allen, supra, even though the accident there concerned happened in 1954. We think, however, that the dictum contained in the opinion of the Florida Industrial Commission in the Murphy case is incorrect inasmuch as the expressions set forth in Sweat v. Allen, supra, are applicable only to the law governing in that case. It is noted that the Florida Workmen's Compensation Law at that time provided for an election by the employee as to whether he would proceed against the tort-feasor or for compensation benefits, and election to receive compensation benefits operated as an assignment to the employer of the employee's claim against the third party tort-feasor.