PEARSON, Judge.
This appeal presents two questions, which must be discussed separately. First, was negligence proved? It is only necessary, upon this question, to report that we have examined the record and find no error in the ruling of the trial judge that the evidence viewed in the light most favorable to the plaintiff was sufficient to withstand defendant’s motion for directed verdict.
The second question requires a statement of procedural facts. This action arose out of an automobile collision in which Elisha N, Gall was injured through the negligence of an employee of the appellant, Dade County. Mr. Gall received workmen’s compensation benefits. The liability carrier for the defendant settled the individual claim of Mr. Gall within the first year after the accident; also, it knew about and was attempting to settle the subrogated compensation carrier’s claim at that time. When the two insurance companies could not agree the liability carrier settled with Mr. Gall.
After the expiration of one year from the date of the accident, the Michigan Mutual Ins. Co., the subrogated compensation carrier, filed suit under section 440.39(4), Fla.Stat., F.S.A., as it existed in 1958. This is the identical section considered in Dickerson v. Orange State Oil Company, Fla.App.1960, 123 So.2d 562 and Russell v. Shelby Mutual Insurance Company, Fla.App.1961, 128 So.2d 161.
The question presented is whether, under the statute above referred to, the release given by the injured person pursuant to a settlement made by the tort-feasor with knowledge of the subrogated claim of the compensation carrier for compensation already paid, bars the subrogation rights of the compensation carrier. We hold that the compensation carrier was not barred.
In Russell v. Shelby Mutual Insurance Company, supra, the question for determination was stated:
“The sole question for determination by this court is whether under the statute in effect at the time of this transaction, a settlement by a third party tort-feasor with the injured person, and the execution of release by the injured person prior to the payment of compensation benefits to him barred the subrogation rights of the compensation carrier. * * *.” [128 So.2d 163].
In that case the settlement was prior to the payment of compensation and there is no suggestion that the settlement was made by the tort-feasor with knowledge that there would be subrogation of rights. The reasoning of the Russell case is that the right the compensation carrier claimed came into being after the settlement without knowledge to the tort-feasor and that it could not attach to a right of action which was already extinguished. In the instant case the settlement was with knowledge and the tort-feasor cannot ignore the rights of the compensation insurance carrier.
Therefore the settlement made with knowledge that Mr. Gall did not own his entire claim of action was ineffective. See Dickerson v. Orange State Oil Company, supra.
Affirmed.
HORTON, C. J., concurs.
*113 CARROLL, CHAS., J., concurs specially.