O’CONNELL, Justice.
Shelby Mutual Insurance Company petitions this Court for writ of certiorari seeking review of the decision of the District Court of Appeal, Third District, in the case of Russell v. Shelby Mutual Insurance Company, Fla.App.1961, 128 So.2d 161, and contending that said decision is in conflict with the decision of the District Court of Appeal, Second District, in Dickerson v. Orange State Oil Company, Fla. App.1960, 123 So.2d 562.
*220 The facts as revealed by the opinion of the district court are simple and were stipulated to by the parties.
On March 26, 1957 Muriel Shuey, an employee of a restaurant for which Shelby Mutual was the workmen’s compensation carrier, sustained a compensable injury in an automobile accident due to the negligence of the respondent Russell. On May 2, 1957 respondent settled Shuey’s claim against him for the sum of $1550.00 and took from her a general release. It was stipulated that at the time of this settlement Russell, the third party tort-feasor, had no notice that Shuey had been injured in the course of her employment.
In December 1957 Shelby Mutual paid Shuey $391.00 in compensation and medical benefits because of the injury sustained by her through the respondent Russell’s negligence. The record does not reveal whether Shuey had begun proceedings for such benefits at the time she settled with Russell.
Thereafter, Shelby Mutual brought a suit against respondent Russell seeking to recover from him the $391.00 compensation and medical benefits paid by it to Shuey. In this suit Shelby Mutual sought to avail itself of the right of subrogation afforded in Sec. 440.39, F.S.1955, F.S.A.
The only point in issue before the trial court and the district court was one of law, being whether the release from the claimant, Shuey, to the third party tort-feasor, Russell, prior to the payment of compensation benefits by Shelby Mutual was a bar to the subrogation claim asserted by Shelby Mutual.
The trial court granted summary final judgment for Shelby Mutual. In the decision sought to be reviewed here the district court reversed for the reason expressed therein.
We must first determine whether there is such conflict between the decision sought to be reviewed and the decision in Dickerson v. Orange State Oil Company, Fla.App., 123 So.2d 562, supra, as will justify our taking jurisdiction in this cause.
In the Dickerson case that court held that if a third party tort-feasor has knowledge of the fact that the person injured was acting in the scope and course of his employment at the time of the injury, then the law imposes on the tort-feasor statutory notice of the subrogation rights which the employer or its carrier may have against him under the statute. In that case the court found that, the tort-feasor had such knowledge and was therefore charged with notice of and was subject to the subrogation rights of the employer and/or carrier under the statute. The decision in that case does not reveal whether the claimant Dickerson had received or begun proceedings for compensation benefits at the time the settlement was made.
In the instant case the district court pointed out that subrogation is the substitution of one person in the place of another with reference to a lawful claim or right. It said that since Shelby Mutual’s right to subrogation came into being only after it had paid compensation, at which time the claimant Shuey had already released the tort-feasor Russell, there was no claim or right to which Shelby Mutual could be substituted.
More important, factually, is that in the instant case the court pointed out that the tort-feasor, Russell, at the time of his settlement with her, had “no notice that Muriel Shuey was injured in the course of her employment,” while in the Dickerson case the court emphasized that the tort-feasor had such notice.
The respondent Russell contends that the factual difference in the Dickerson case and this one as it relates to notice distinguishes them, makes impossible a conflict between them, and requires that we discharge the writ of certiorari for lack of jurisdiction.
We think the respondent is correct in his contention.
*221 As we read the Dickerson decision it stands for the proposition that a tort-feasor responsible for a compensable injury to one covered by workmen’s compensation is charged with constructive notice of the statutory subrogation rights of the employer or carrier if he has knowledge that the injured person was acting within the scope and course of his employment at the time of the injury. We do not understand the decision to hold that the tort-feasor is charged with such constructive notice of the subrogation rights of the employer or carrier when, as in this case, the tort-feasor did not know the injured person was injured while in the course of his employment.
As we read the decision in the case now before us it simply holds, under the facts recited therein, that where a tort-feasor settles a claim with one who suffers a compensable injury in the scope and course of her employment, prior to the time such person begins proceedings for or receives workmen’s compensation benefits from the carrier and without knowledge that the person was injured in her employment, then such settlement is a bar to enforcement of the subrogation rights of the carrier, since the employee then has remaining in her no right against the tort-feasor to which the carrier might be substituted.
There is nothing in the Russell case that can be said to hold that a settlement between an injured employee and a third party tort-feasor would be a bar to the subrogation rights of the carrier if the tort-feasor had knowledge that the employee was injured in the scope and course of his employment.
Such being the situation we are unable to find a conflict in decisions such as is necessary to give us jurisdiction to review this cause.
Ordinarily we do not write an opinion in discharging a writ of certiorari in cases such as this. We do so here to make clear that the two decisions are distinguishable for the reasons above noted.
We point out here that we do not and cannot in this opinion either approve or disapprove the decisions in either the Dickerson or the Russell case, abovementioned. Having determined that there is no conflict on the same question of law presented by those, or any other, decisions, we have no authority to determine the correctness of either decision.
We recognize that F.S. Sec. 440.39, F. S.A., as it existed at the time involved in the Russell case, and as it exists today, is inconsistent and/or incomplete insofar as it relates to the subrogation rights of an employer or carrier.
On the one hand the right of subrogation is clearly granted by the statute if the employee accepts or begins proceedings to obtain benefits of the Act from the employer, if the employee sues the tort-feasor, or if the employee fails to bring suit against the tort-feasor within one year after the cause of action accrues. These provisions indicate legislative intent to grant an employer, or its carrier, the right to be sub-rogated to rights of the employee against a tort-feasor to the extent of the benefits paid by the employer or carrier to the employee.
Yet on the other hand there is nothing in the statute to prohibit the employee from settling his claim against the tort-feasor, prior to seeking or receiving benefits under the Act from the employer or carrier, and thereafter seeking and receiving benefits from the employer or carrier, with the result that the employer’s or carrier’s right of subrogation may well be defeated. Such allows the employee to retain all monies received from the tort-feasor, whereas if suit were brought either by the employee or the employer-carrier under Sec. 440.39 (3) or (4) the monies paid by the tort-feasor would be equitably distributed between the employee and the employer or carrier.
*222 The legislature may have considered and intended not to give the employer or carrier the right of subrogation in such instances. However, the other provisions of Sec. 440.39 indicate strongly that the failure to provide for subrogation in such cases was an oversight.
In any event action by the legislature is the correct way to clarify the rights and liabilities of the employer and carrier and a third party tort-feasor in cases such as this one and Dickerson, supra.
For the reasons above expressed the writ of certiorari is discharged.
ROBERTS, C. J., and HOBSON, DREW and THORNAL, JJ., concur.