ALLEN, Chief Judge.
Maryland Casualty Company, a workmen’s compensation carrier, appeals from a final order declaring its claim of lien, upon proceeds of a settlement between the insured’s employee and a third party tort-feasor, invalid.
On December 14, 1964, Curtis Burnell Simmons was injured by a third party tort-feasor while in the course of his employment with Farm Management Company. Farm Management’s workmen’s compensation carrier, Maryland Casualty Company, paid Simmons’ benefits and incurred other liabilities totaling $6,200.00. On February 23, 1965, Simmons filed suit against Elmer Wooten and Ryder Truck Rentals, Inc., third party tort-feasors. Before this suit was filed, Maryland Casualty wrote to Ryder Truck Rentals and its insurance carrier, Liberty Mutual, to notify them of *448 its rights of subrogation under the Workmen’s Compensation Act.
The third party negligence action proceeded to trial without Maryland Casualty receiving notice of the suit. The jury rendered a plaintiff’s verdict for $62,856.-'00, execution of which was withheld pending motion for new trial. On January 24, 1966, the compensation carrier first became apprised of the suit and on January 27, 1966, it filed notice of payment of compensation and medical benefits. Simmons and the third party tort-feasor reached a settlement after the verdict in the amount of $55,917.75. The satisfaction was signed on January 24, 1966, and filed January 31, 1966.
The present controversy arose on Ryder’s motion to determine the validity of the lien claimed under Section 440.39 Fla.Stats., F.S.A., by Maryland Casualty. The circuit court ruled against the compensation carrier, thereby declaring its lien on the settlement proceeds for equitable distribution invalid. The correctness of this order is the subject of this appeal.
We believe the Workmen’s Compensation Act, as it now stands, permits this carrier’s lien for equitable distribution upon the settlement proceeds.
The steps the carrier must follow to secure a lien or to sue the third party tort-feasor are clearly defined by Section 440.39 only in certain situations. The results in other situations, declared by case law, have not, at all times, been obviously consistent. Compare Bituminous Cas. Corp. v. Florida Power & Light Co., Fla.App.1966, 190 So.2d 426, with Cook Motor Company v. Vaughn, Fla.App.1966, 189 So.2d 536. We believe the different results in these two cases can be resolved around the notice requirement.
In Cook Motor Company, the employee sued the third party tort-feasor and later recovered judgment upon a stipulation of the parties. The third pai'ty tort-feasor notified the workmen’s compensation carrier of the suit. The carrier, having knowledge of the suit, never filed a notice of payment. Almost two years later, the carrier sought to exercise its alleged right of subrogation against the third party tort-feasor. The court held that since it did not follow the requirements of the statute, it could not now sue the third party.
In Bituminous Cas. Corp., the third party tort-feasor, knowing of the carrier’s interest, settled with the employee without giving notice of the proposed settlement to the workmen’s compensation carrier and before suit was filed. On appeal, the court held that the carrier was not limited solely to a pro rata share of the proceeds based upon equitable distribution. If suit had not been brought by the employee within one year after the cause of action accrued, the employer, if a self-insurer, or the carrier could bring an action against the third party tort-feasor.
The results in some situations arising under Section 440.39, Fla.Stats., F.S.A., are clear.
Section 440.39 permits equitable distribution where the carrier has filed his notice of payment of benefits in a suit between the employee and the tort-feasor. Section 440.39(4) allows the carrier to sue the third party tort-feasor where the employee has failed to bring his suit within one year from the date the cause of action has accrued.
If the case is settled before suit is brought, Section 440.39(3) (b) permits the carrier to obtain equitable distribution. Since no suit has been filed, the carrier need not file notice of payments of benefits “in the suit.” The third party must have notice or perhaps merely reasonable cause to believe that a compensation carrier has an interest in the settlement. If so, the case cannot be settled without the consent of the carrier. Alpert, Florida Workmen’s Compensation Law § 28:5 (1966). Settlement without the consent of the carrier is prohibited in order to protect the carrier to the extent of benefits conferred. Com *449 mentary, Chapter 440, Workmen’s Compensation Act, p. 72, Florida Statutes Annotated.
If the case is settled before suit is filed and the third party tort-feasor is notified of the workmen’s compensation carrier’s interest, the carrier, when it did not receive notice of the proposed settlement, is not limited solely to an equitable distribution of the settlement proceeds. Bituminous Cas. Corp. v. Florida Power & Light Co., Fla.App.1966, 190 So.2d 426. The carrier, in this situation, can elect to sue the third party to enforce its rights of subrogation pursuant to Section 440.39(4). Dickerson v. Orange State Oil Company, Fla.App.1960, 123 So.2d 562; Dade County v. Michigan Mutual Liability Company, Fla.App.1961, 130 So.2d 111.
We believe, however, that Section 440.39 contemplates the filing of one suit only against the third party tortfeasor. Section 440.39(4), Fla.Stats., F.S.A.; Cook Motor Company v. Vaughn, supra. If the carrier has been notified of the employee’s suit and does not file its notice of payment of benefits in the suit under Section 440.39 (3) (a), it is precluded from any other remedy. Cook Motor Co. v. Vaughn, supra.
What results when a carrier does not file its notice of payment in the employee’s Section 440.39(3) (a) suit, because the third party failed to give the carrier notice of the suit? The carrier cannot institute his subrogation suit against the tort-feasor because 440.39(4) only permits the carrier’s suit if the employee does not institute suit.
Section 440.39(3) (b) is designed to protect the carrier in those situations not fully protected under Section 440.39(3) (a). Cook Motor Company v. Vaughn, supra. Since the Act only contemplates one suit, and the policy of the Act is to prevent settlement between employee and third parties tort-feasor without the consent of the carrier, Section 440.39(3) (b) should and does preserve the carrier’s right to obtain equitable distribution if its provisions are satisfied. Here, (1) the insurance carrier gave written notice of its rights of subrogation to the third party tort-feasor, (2) after suit was filed, settlement was effectuated and the carrier failed to agree on the proportions to be paid.
The lien is valid and the carrier is entitled to whatever equitable distribution the trial court, in its discretion, shall grant.
Reversed and remanded with directions to proceed in a manner consistent, with this opinion.
LILES and PIERCE, JJ., concur.