LILES, Judge.
Louis Brown, an employee of Clearwater Kentucky Fried Chicken, was injured in an automobile accident while delivering “a large order” of chicken using his own auto *365 mobile. Walter Strickland, the tortfeasor, and his insurer, State Farm, settled with Louis Brown for $9,000 on March 29, 1971, in full satisfaction of the claim. A release was given by Brown. Subsequently, Brown filed claims and received payments from Employers’ Commercial Union Companies, the Workmen’s Compensation carrier. Three months later Employers’ Commercial Union Companies, as Workmen’s Compensation carrier for the employer of Louis Brown, filed suit in Brown’s name against appellees Strickland and State Farm to recover $4,800 paid to Brown on the Workmen’s Compensation claims which he had filed after the settlement with appellees. The trial court dismissed Employers’ Commercial Union Companies’ claim against ap-pellees with prejudice, holding the release to be a total bar to any action by the carrier.
The question in this case is whether a release given by an employee to a third party tortfeasor bars a later suit against the tortfeasor by a Workmen’s Compensation carrier who had no notice of the settlement and release, yet was forced to pay benefits to the employee after the settlement.
Appellant (in actuality the Workmen’s Compensation carrier) asserts that if the tortfeasor or his insurer knew or should have known that the employee was injured in the scope of his employment, then it was improper for either or both of them to settle with the employee since they would then be charged with constructive notice of rights in the Workmen’s Compensation carrier which might be prejudiced by such a settlement. Notice was the key in Dickerson v. Orange State Oil Co., 123 So.2d 562 (2d D.C.A.Fla.1960), cited by the appellant, and we believe such reasoning was accepted in the appellee’s case of Shelby Mutual Ins. Co. v. Russell, 137 So.2d 219 (Fla.1962). We feel compelled to accept the logic of these cases for reasons to be stated later.
Nevertheless, we find those cases somewhat difficult to reconcile with language in the more recent case of Maryland Casualty Co. v. Smith, 272 So.2d 517 (Fla.1973), as well as with our own sense of fair play in many instances. The facts of Dickerson are more closely analogous to this case than those in Maryland Casualty. The parties in Maryland Casualty, however, came before the Supreme Court in the posture which we believe is normally the proper one, i. e., the Workmen’s Compensation carrier was claiming its equitable distribution from the covered employee who had settled (during the second year) with the tortfeasor’s insurer without notifying the Workmen’s Compensation carrier. Although it is true that the release in that case provided expressly that the employee would indemnify the tortfeasor’s insurer for any subsequent liability it might incur to the Workmen’s Compensation carrier, we believe that the Workmen’s Compensation carrier would, barring any bad faith on the part of the tortfeasor or his carrier, be required to receive its equitable distribution only from the proceeds of the settlement if it has already occurred.
The Dickerson case, supra, stated that the subrogation rights of the carrier were dependent upon existing rights of the employee and were not independent statutorily created rights. Nevertheless, this court there held that the tortfeasor’s insurer could not rely upon a defense (the release) as against suit by the Workmen’s Compensation carrier which would have completely barred a suit by the employee.
The law favors the quick settlement of disputes. Although we recognize that the legislature has steadily given more rights to the employee over the years, we don’t believe that he has yet been allowed in excess of a single recovery for one injury from a third-party tortfeasor. The legislature has attempted to prevent the possibility of double recovery by an injured employee by enacting (3) (b) of F.S. § 440.39 in 1959, F.S.A. This section attempted to insure that even in a settlement situation the circuit court would have the power to pro rate only the one settlement recovery. See *366 Cook Motor Co. v. Vaughn, 189 So.2d 536, 539 (1st D.C.A.Fla.1966). Of course, this section does not cover the problem we have here where the Workmen’s Compensation carrier has received no claims from the employee and may know nothing about the accident prior to the settlement. The Dickerson holding does solve the problem of a tortfeasor or his insurer trying to railroad an employee into a settlement before Workmen’s Compensation carrier can enter the fray on behalf of the employee. Basically, Dickerson applies equitable estoppel doctrines against such a tortfeasor or insurer by preventing him from asserting the release as a bar to the Workmen’s Compensation carrier’s action where the tortfeasor or insurer knew all too well when he settled that the accident occurred in the scope of the victim’s employment and his carrier would soon enter the picture.
Thus, a release may or may not be a bar to a subsequent action by a Workmen’s Compensation carrier. Whether it is must be decided by weighing the facts in light of equitable considerations, not the least of which is whether the tortfeasor or his insurer- had notice, actual or constructive, of rights vested or to become vested in a Workmen’s Compensation carrier. Further inquiry might include but would not be limited to (1) consideration of the overall fairness of the settlement in light of the injuries (2) the ability of the employee to determine for himself the fairness of the settlement, assuming no attorney was involved in the employee’s behalf (3) the length of time between the injury and the settlement and the filing for Workmen’s Compensation benefits (4) possible deliberate concealment of the settlement on the part of the employee (5) notice on the part of the Workmen’s Compensation carrier that a settlement had occurred.
It should be noted that the same considerations would also play a part in determining the amount of the equitable distribution the Workmen’s Compensation carrier would receive in situations where the trial judge has already determined that the subsequent suit by the Workmen’s Compensation carrier against the tortfeas- or and the insurer should be allowed in spite of the release. Since the release was held to be a complete bar in the instant case, we must reverse and remand to the trial court to decide whether, under this set of facts, the Workmen’s Compensation carrier may be able to maintain suit for its equitable distribution against the tortfeasor and his insurer.
In Shelby Mut. Ins. Co. v. Russell, supra, the Florida Supreme Court noted that the problem involved herein is simply not contemplated nor resolved by Florida Statute Section 440.39, F.S.A. It was suggested that the legislature was the proper body to resolve the question. Over ten years has elapsed since then. The problem having been squarely posed to this Court, we have accepted our responsibility to resolve it for the benefit of the parties before us.
We therefore recede from an absolute application of the Dickerson holding while relying on its reasoning and reverse and remand this cause for action consistent with this opinion.
Reversed and remanded.
MANN, C. J., and BOARDMAN, J., concur.