459 So.2d 348 (1984)
A.S.J. DRUGS, INC., D/B/a Deerfield Beach Drugs and Casualty Reciprocal Exchange, Appellants,
v.
Shirley B. BERKOWITZ, Colonial Penn Insurance Company, Jennie Greer and Robert A. Rosenblatt, Esquire, Appellees.
No. 83-2767.
District Court of Appeal of Florida, Fourth District.
October 24, 1984.
Rehearing Denied December 20, 1984.
*349 Anthony J. Beisler, III, of Anthony J. Beisler, P.A., Fort Lauderdale, for appellants.
Paula C. Kessler and John M. Kelley of Pyszka & Kessler, P.A., Fort Lauderdale, for appellees  Berkowitz and Colonial Penn Ins. Co.
Robert A. Rosenblatt of Gilmour, Morgan & Rosenblatt, Miami, for appellees  Greer and Rosenblatt.
GLICKSTEIN, Judge.
This is an appeal from an order dismissing with prejudice a second amended complaint. We affirm in part and reverse and remand in part.
The facts show that Jennie Greer, while delivering medicine and getting sandwiches on her lunch hour, was involved in an accident with Shirley Berkowitz. Greer sued Berkowitz and her insurance company, settling out of court for $45,000. At this time, there had been no claim under worker's compensation, and the worker's compensation insurer was unaware of the accident. One month after the settlement, however, Greer did file for worker's compensation. The deputy commissioner found that while the settlement prejudiced Greer's worker's compensation carrier, it did not constitute a waiver of her right to benefits. Greer therefore received another $10,716.12.
Greer's employer and its worker's compensation insurer filed a tort action against Greer, Berkowitz, Berkowitz's insurer, and the attorney who handled Greer's lawsuit against Berkowitz. Their first two complaints were dismissed without prejudice, and they filed a second amended complaint. The complaint alleges two counts of intentional misrepresentation against Greer and her attorney, saying that each misled the employer with regard to liability under worker's compensation and intent to claim under it. Additionally, the complaint alleged that Berkowitz and her insurance company knew or should have known that her accident was compensable through worker's compensation, but ignored the possibility, thus destroying appellants' right to a share of the settlement proceeds. This complaint was dismissed with prejudice, whereupon follows this appeal.
The issue is whether the trial court erred in dismissing the second amended complaint with prejudice. We conclude:
A. As to counts I and II, it did; therefore we reverse and remand.
B. As to counts III and IV, it did not; therefore, we affirm.

COUNTS I AND II
Under count I, appellants made the allegations that Jennie Greer defrauded them of their rights to equitable distribution of the settlement recovery by telling her employer that the accident was not covered by worker's compensation and that she would make no claim; that relying on this representation, her employer filed no injury notice with the state or his carrier; and that Greer intended that the statements deceive her employer and his carrier, who reasonably relied upon them to their material detriment.
While both parties have couched their briefs in terms of the various interpretations of the applicable worker's compensation section, and the remedies available under it, the above count clearly states a cause of action sounding in fraud. If the facts as stated above are true, which they are considered to be for purposes of a motion to dismiss, then appellants have alleged a false statement regarding a material fact, knowledge of its falsity, the intention that the lie be acted upon, and injury to the other party caused by his reasonable reliance upon the representation. These are the elements of common-law fraud, e.g., Amazon v. Davidson, 390 So.2d 383, 385 (Fla. 5th DCA 1980), and state a cause of action. The representation that Greer would not be filing a claim for worker's compensation would be considered fraudulent *350 if she had every intention of filing when she made it. Vance v. Indian Hammock Hunt & Riding Club, Ltd., 403 So.2d 1367, 1371-72 (Fla. 4th DCA 1981). There is, of course, no evidence that Greer knew that she could file a claim and/or that she intended to do so all along, however, evidence is not required at this stage, merely an allegation. If Greer did make the assertion that she would not be filing under worker's compensation, this is a positive and definite representation upon which her employer could rely without further inquiry. Shepard v. Wyse, 374 So.2d 1173, 1174 (Fla. 1st DCA 1979). Undeniably, there was damage to the carrier, which lost its right to be subrogated to Greer to the extent of its compensation payment.
Count II, alleging fraud against the attorney who represented Greer in her suit against Berkowitz, bases the allegations on two statements, one written and one oral. The written statement was in a letter written to the employer, and included as exhibit B by reference in the complaint. The letter, however, is only a request that Greer's employer fill in the blanks of a form with appropriate answers, and is not a representation as to the correctness of those answers. Under Health Application Systems, Inc. v. Hartford Life and Accident Insurance Company, 381 So.2d 294 (Fla. 1st DCA 1980) and Florida Rule of Civil Procedure 1.130(b), if the exhibit attached and incorporated by a pleading contradicts the cause of action, then the document will control and may serve as a basis for a motion to dismiss. In this case, the writing does not support the cause of action, so the motion to dismiss was proper as to it.
The oral statement does support a cause of action, however, depending upon what was said. A mere opinion, of course, will not serve as a fraudulent representation, unless the party making it did so with the intent of preventing the other party from making an independent investigation of the facts. See Travelodge International, Inc. v. Eastern Inns, Inc., 382 So.2d 789, 791 (Fla. 1st DCA 1980). Too, if appellants could show that the statement was made by one purporting to have superior knowledge, as alleged, the statement would support a claim for fraud. Ramel v. Chasebrook Construction Co., 135 So.2d 876, 879 (Fla. 2d DCA 1961). The other essential elements are alleged; namely, knowledge that the statement was a misrepresentation, intent that it be relied upon, reliance, and detriment caused by the reliance. Therefore, count II also alleges a cause of action in fraud as to any oral representation that the accident would not be covered by worker's compensation.

COUNTS III AND IV
These counts appear to be seeking equitable distribution of the amounts paid by the carrier to Greer, under section 440.39(3)(a), Florida Statutes (1983). This section provides that if an employee sues a third party tortfeasor for an accident covered by worker's compensation, the employee shall notify his employer and the employer's carrier. The employer or carrier may then file a notice in the suit of its payment of compensation and medical benefits, which will be a lien on the judgment for the amount to which the court decides it is entitled. The section obviously contemplates that a worker's compensation claim will be at least filed before any third party suit is brought, and provides no guidance regarding what happens when a third party suit has been settled before any worker's compensation claim has been filed.
This question was considered by the Florida Supreme Court in Shelby Mutual Insurance Company v. Russell, 137 So.2d 219 (Fla. 1962). In Shelby Mutual, an employee was injured in an automobile accident that was caused by a negligent third party. The two settled the lawsuit, and the injured employee executed a release in exchange for the money. After the settlement, the employer's worker's compensation carrier paid her benefits, then sought its statutory subrogation rights from the tortfeasor. The question for the Florida Supreme Court was whether the release executed by the employee barred her employer's carrier from seeking subrogation. *351 The district court of appeal held that because the carrier's rights came into being only after paying compensation, at which time settlement had already occurred, then there was no claim to which the carrier could be substituted. The Shelby Mutual court observed that the provisions found in section 440.39, Florida Statutes, clearly indicate an intent to allow an employer or its carrier subrogation rights to any recovery from a third party to the extent of the benefits paid. On the other hand, the court noted, the statute says nothing to prohibit defeat of this right by the course of action adopted above. Although this result is contrary to the expressed legislative intent, the court said that it was for the legislature to change, and upheld the district court.
Ten years later, the same question was before the Second District Court of Appeal in Brown v. State Farm Mutual Automobile Insurance Company, 281 So.2d 364 (Fla. 2d DCA 1973). The same fact pattern occurred in Brown as in the earlier case, an injury, settlement with a third party, then filing and payment of a worker's compensation claim. The second district recognized the deference expressed in Shelby Mutual to the legislature, and the holding therein that the problem should be statutorily corrected, but pointed out that the legislature had taken no action despite the Shelby Mutual holding a decade earlier. The Brown opinion therefore accepted resolution of the question, holding that a decision must be made in each case on the basis of equitable considerations, and listing some of the factors that might be considered. It therefore remanded to the trial court for a determination of whether these factors would entitle the compensation carrier to maintain suit.
The problem now presents itself in this court. The legislature has done nothing to remedy the situation, despite the call to do so over 20 years ago in Shelby Mutual, and the Supreme Court has said that we should not move until they do. Accordingly, as to these counts, we affirm.
HERSEY and BARKETT, JJ., concur.