COWART, Judge.
An employee in the course and scope of his employment was injured by a tortfeasor with liability insurance. While receiving worker’s compensation benefits the injured employee settled with the tortfeasor’s insurer.[1] The worker’s compensation carrier sued the tortfeasor’s liability carrier alleging that the settlement was in violation of the compensation carrier’s statutory subro-gation rights in that the liability carrier “had actual or constructive knowledge” that the injured employee was receiving compensation benefits when the settlement was made. Upon motion of the liability carrier, the trial court dismissed the complaint for failure to state a cause of action because it failed to allege that the compensation carrier had “given written notice of [its] right of subrogation to the third-party tortfeasor” as required by section 440.-39(3)(b), Florida Statutes. We affirm the dismissal.
The worker’s compensation carrier argues that it was the intent of the legislature to provide the compensation carrier a statutory right of subrogation; that it was wrong for the liability carrier to settle with the injured employee knowing the compensation carrier had subrogation rights in and to the settlement proceeds, and that, to effectuate the intent of the legislature and to remedy that wrong, this court should “interpret” or “construe” the word “written” out of the statute or read it to mean that “actual or constructive” notice or knowledge is sufficient. We decline this invitation to “do justice” in deference to our judicial duty to follow the statute as the legislature has clearly written it. The compensation carrier argues that the statute works an injustice by its formalistic requirement of “written notice.” That argument should be made to the legislature.
AFFIRMED.
COBB, C.J., and DAUKSCH, J., concur.

. This factual sequence distinguishes Shelby Mutual Ins. Co. v. Russell, 137 So.2d 219 (Fla.1962), A.S.J. Drugs, Inc. v. Berkowitz, 459 So.2d 348 (Fla. 4th DCA 1984), and Brown v. State Farm Mutual Automobile Ins. Co., 281 So.2d 364 (Fla. 2d DCA 1973).