551 So.2d 559 (1989)
WILLIAMS HEATING AND AIR CONDITIONING COMPANY, et al., Appellants/Cross-Appellees,
v.
James WILLIAMS, Appellee/Cross-Appellant.
No. 88-1425.
District Court of Appeal of Florida, Fifth District.
October 5, 1989.
Rehearing Denied November 8, 1989.
Daniel De Ciccio and W. James Condry of De Ciccio and Broussard, P.A., Orlando, for appellants/cross-appellees.
Jack B. Nichols of Jack B. Nichols, P.A., Orlando, for appellee/cross-appellant.
GOSHORN, Judge.
Williams Heating and Air Conditioning Co. and The Aetna Casualty and Surety Co. (appellants) appeal an order determining that Aetna, the worker's compensation carrier, has no lien on appellee James Williams' settlement recovery with the third party tort-feasors.
The appellee was injured when the truck he was driving in the course of his employment with Williams Heating and Air was struck in the rear by another vehicle. Appellee sued the tort-feasors and notified Aetna of the lawsuit. Aetna paid the appellee worker's compensation benefits totaling $56,072.81. Appellee ultimately settled with the tort-feasors for their available insurance limits of $25,000, resulting in a net recovery of $14,611.25 after deducting attorney's fees and costs.[1] Appellee then filed a motion to determine whether Aetna had a lien on the settlement amounts and if so, the amount of said lien. Appellee first challenges Aetna's right to a lien claiming the carrier failed to file a notice of that lien as permitted by § 440.39(3)(a) Fla. Stat. (Supp. 1986).[2] Aetna contends that notice *560 was filed. The resolution of this contention is not required for our decision.
Historically, a tort-feasor could be subject to double liability if he settled with an injured plaintiff with knowledge that the plaintiff had received worker's compensation benefits. The legislature addressed this problem in 1959 with the addition of subsection (3)(b) to § 440.39, providing:
(b) If the employer or insurance carrier has given written notice of his rights of subrogation to the third-party tort-feasor, and, thereafter, settlement or any such claim or action at law is made, either before or after suit is filed, and the parties fail to agree on the proportion to be paid to each, the circuit court of the county in which the cause of action arose shall determine the amount to be paid to each by such third-party tort-feasor in accordance with the provisions of paragraph (a) above.
This statute is examined and thoroughly analyzed in Cook Motor Co. v. Vaughn, 189 So.2d 536 (Fla. 1st DCA 1966). In Vaughn, the worker's compensation carrier did not file notice in the tort lawsuit and a final judgment was entered in favor of the victim. Almost two years later the carrier instituted suit against the tort-feasors to recover on a subrogation claim. The court held that the carrier was not entitled to the benefits of subsection (3)(b) even though all parties had knowledge of the existence of the payment of compensation benefits to the employee. Appellee relies on Vaughn for its position that Aetna is not entitled to a lien on his settlement with the tort-feasors. Such reliance is misplaced. The statute is intended to provide the tort-feasor with protection against double payment and was so applied in Vaughn. Here, the tort-feasor needs no protection because the settlement check has been tendered jointly. Under the circumstances of this case, there is no reason, legally or logically, to require Aetna to file a written notice or lose its subrogation claim when all parties received actual notice.
The trial court, reaching the same conclusion, proceeded with an evidentiary hearing, finding in part:
1. The total value of the Plaintiff's claim for injuries sustained is $100,000. He was not himself negligent. The compensation carrier paid him $56,072.81 and he recovered a net of $14,611.25 from the third party tort-feasor. The total amount received by the Plaintiff (there being no future compensation benefits payable) is, therefore, $70,684.06.
These findings were supported by the evidence. The court then found that because the appellee had not recovered 100% of the total value of his claim, the worker's compensation carrier (Aetna) was not entitled to a lien on any part of appellee's recovery from the tort-feasor. This was error. Aetna's right to recovery is not predicated upon full recovery by the appellee from the tort-feasor. The statute expressly provides the worker's compensation carrier with a lien for its pro-rata share of the compensation and medical benefits paid or to be paid, less its pro-rata share of all court costs and reasonable attorney fees expended by the appellee in the prosecution of his claim against the tort-feasor. See, Nikula v. Michigan Mutual Insurance, 531 So.2d 330 (Fla. 1988) and Employer's Casualty Insurance Company v. Manfredo, 542 So.2d 1365 (Fla. 3d DCA 1989).
Under section 440.39(3)(a), Florida Statutes (Supp. 1986), the carrier's pro-rata share of the injured employee's gross recovery from the tort-feasor should be in the same proportion to the amount of compensation and medical benefits the carrier paid to the injured employee as the injured employee's gross recovery is proportional to the total value of the injured employee's *561 claim. The injured employee recovered $25,000 or 25% of the total value of his claim which was $100,000. Therefore, before a deduction for a pro-rata share of court costs and attorney's fees necessary to make the recovery, the carrier is entitled to 25% of $56,072.81 or $14,018.20. The recovery costs constituted 41.55% of the recovery ($10,388.75 divided by $25,000). Thus, the $14,018.20 gross reimbursement due the carrier is further reduced by this percentage or $5,824.56 ($14,018.20 X .4155), resulting in a lien in favor of the carrier for $8,193.64.[3]
In summary and recapitulation: the $25,000 recovery from the tort-feasor is distributed $10,388.75 for costs of recovery including attorney's fees; $6,417.61 to the injured employee and $8,193.64 to partially reimburse the carrier. The carrier pays $56,072.81 for benefits less $8,193.64 reimbursement for a net of $47,879.17. The injured employee recovers $56,072.81 in benefits from the carrier plus $6,417.61 as a share of net recovery from the tort-feasor for a total of $62,490.42 or 62.49% of his $100,000 claim.
Accordingly, this cause is remanded for entry of a judgment in favor of Aetna imposing a lien on the settlement proceeds between appellee and the tort-feasors in the amount of $8,193.64.
AFFIRMED in part, REVERSED in part, REMANDED.
COWART, J. and ORFINGER, M., Judge, Retired, concur.
NOTES
[1] The tort-feasors issued a settlement check payable jointly to appellee Williams and Aetna.
[2] Section 440.39(3)(a), Florida Statutes (Supp 1986) provides in pertinent part: Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for the plaintiff's attorney.
[3] This same result can be reached by taking the cost of the recovery "off the top" ($25,000  10,388.75 = $14,611.25 or 14.61% of the value of the injured employee's claim) and allowing the carrier the same net percentage of total benefits paid without adjustment for costs of recovery which have been taken "off the top", i.e., 14.61% of $56,072.81 = $8,193.64.